In re Norman SYLVIA, Alison
Sylvia, Debtors.

Martin W. HOFFMAN, Trustee, Plaintiff,

v.

ADINOLFI, O'BRIEN & HAYES, P.C., Butler, Norris & Gold, Norman & Alison Sylvia, and Norman Sylvia, Sr., Defendants.

Bankruptcy No. 91–23269.
Adv. No. 95–2015.

United States Bankruptcy Court,
D. Connecticut.

Aug. 11, 1995.

Martin W. Hoffman, Hartford, CT, for plaintiff–Trustee.

Joseph A. O'Brien, Adinolfi, O'Brien & Hayes, P.C., West Hartford, CT, for Adinolfi, O'Brien & Hayes, P.C., defendant.

William J. Butler and Alan J. Rome, Butler, Norris & Gold, Hartford, CT, for Butler, Norris & Gold, defendant.

Fatima T. Lobo, Beck and Eldergill, P.C., Manchester, CT, for debtors-defendants.

---

## RULINGS AND ORDERS ON THREE MOTIONS FOR SUMMARY JUDGMENT

### ROBERT L. KRECHEVSKY, Chief Judge.

### I.

Before the court are three almost identical motions for summary judgment (the "Motions") separately filed by the defendant, Adinolfi, O'Brien & Hayes, P.C. (A,O & H), the defendant, Butler, Norris & Gold (B,N & G), and the defendants-debtors, Norman Sylvia and Alison Sylvia (the "Debtors"). The plaintiff, Martin W. Hoffman, Trustee of the Debtors' Chapter 7 joint case (the "Trustee"), opposes the Motions on several grounds, of which only one will be addressed in these rulings.

### II.

The Trustee brought this core adversary proceeding on January 26, 1995 for the purpose of avoiding certain transfers of alleged estate property to the defendants, made after the commencement of the joint case and not authorized by the court. *See* 11 U.S.C. § 549(a). The Trustee seeks to recover the value of such transfers for the benefit of the estate. *See* 11 U.S.C. § 550. The complaint asserts that the Debtors had filed a petition commencing a joint case under Chapter 7 on October 10, 1990, and that on or about January 29, 1993, the Debtors received a $30,000 payment of an estate account receivable which they and the other defendants thereafter divided among themselves. The appearing defendants filed answers containing numerous affirmative defenses—the principal one being that the $30,000 account receivable, even if an estate asset, should be held abandoned by the trustee. A,O & H filed its motion for summary judgment on June 14, 1995, the Debtors, on June 15, 1995 and B,N & G, on June 19, 1995. The papers each movant filed requesting summary judgment consist only of the motion and a memorandum of law.

### III.

None of the Motions contained a separate, short and concise statement of the material facts as to which the movants contended there was no genuine issue to be tried as required by Loc.R.Civ.P. 9(c)[1], made applicable by Loc.R.Bankr.P. 1(b)[2]. The Trustee requests the Motions be denied because, *inter alia*, they are not in compliance with Loc.R.Civ.P. 9(c)(1).

A,O & H, the only defendant to respond to the Trustee's objections, elected not to comply with Local Rule 9(c)(1), but argued that "[i]n its Motion for Summary Judgment this defendant clearly stated the facts upon which it relied. All these facts are either contained in the Bankruptcy Court's file or the allegations of Trustee's complaint so the need for a separate appended statement of facts is questionable." *A,O & H Reply Brief* at 6. A,O & H's argument is directly contrary to the holdings in this district. Local Rule 9(c) contains mandatory language and is "strictly interpreted." *Ross v. Shell Oil Co.,* 672 F.Supp. 63, 66 (D.Conn.1987) ("The mere filing of a[ ] ... memorandum and annexed affidavit which, when read as a whole, contain a 'statement' of facts ... does not fulfill

---

1. Loc.R.Civ.P. 9(c) provides:

   (c) Motions for Summary Judgment.
   1. Upon motion for summary judgment there shall be annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed to be admitted unless controverted by the statement required to be served by the opposing party in accordance with the Rule 9(c)2.
   2. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.
   3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.
   Loc.R.Civ.P. 9(c).

2. Loc.R.Bankr.P. 1—APPLICATION OF RULES

   . . . . .

   (b) All local Rules of Civil Procedure of the United States District Court apply in the Bankruptcy Court insofar as they are relevant and not inconsistent with the Bankruptcy Code or the Bankruptcy Rules.
   Loc.R.Bankr.P. 1.

the requirement of a separate, discrete statement of such facts.") *Id.* *See also Knowles v. Postmaster General, United States Postal Service,* 656 F.Supp. 593, 598 (D.Conn.1987) (same).

## IV.

 Inexcusable and intentional failure to seek to comply with Local Rule 9(c), after the omission has been brought to the movants' attention, is a sufficient basis for the court to deny such motions. The court, accordingly, denies the motions filed by A,O & H, B,N & G, and the Debtors. *See Gardels v. Central Intelligence Agency,* 637 F.2d 770, 773 (D.C.Cir.1980) (Requiring strict compliance with local summary judgment rule, mandating filing of statement of material facts is justified, both by nature of summary judgment and by purposes of rule, which are not served where one party, particularly moving party, fails to specify material facts and merely incorporates affidavits and other materials). It is

SO ORDERED.