In re Norman SYLVIA, Alison Sylvia, Debtors.

Martin W. HOFFMAN, Trustee, Plaintiff,

v.

ADINOLFI, O'BRIEN & HAYES, P.C., Butler, Norris & Gold, Norman Sylvia, Alison Sylvia, and Norman Sylvia, Sr., Defendants.

Bankruptcy No. 91–23269.
Adv. No. 95–2015.

United States Bankruptcy Court,
D. Connecticut.

Dec. 21, 1995.

Martin W. Hoffman, Hartford, CT, for Plaintiff–Trustee.

Joseph A. O'Brien, Adinolfi, O'Brien & Hayes, West Hartford, CT, for Adinolfi, O'Brien & Hayes, Defendant.

William J. Butler and Alan J. Rome, Butler, Norris & Gold, Hartford, CT, for Butler, Norris & Gold, Defendant.

Fatima T. Lobo, Beck and Eldergill, P.C., Manchester, CT, for Debtors–Defendants.

*MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

The issue to be decided is whether an asset, scheduled by the debtors in their Chapter 7 joint petition, but not administered by the trustee prior to the closing of the case, is deemed irrevocably abandoned and not available to the trustee after the debtors' case is reopened. The appearing defendants (the "Movants"), transferees of the asset, have moved for summary judgment in three

identical motions. They contend, and the plaintiff-trustee denies, that there are no genuine issues of material fact.

## II.

Martin W. Hoffman, the plaintiff-trustee (the "Trustee"), after the reopening of the Chapter 7 case of Norman Sylvia and Alison Sylvia, the debtors (the "Debtors"), filed a complaint on January 26, 1995 against Norman Sylvia, Sr., Adinolfi, O'Brien & Hayes, P.C. ("AOH"), Butler, Norris & Gold ("BNG") and the Debtors, alleging these defendants, postpetition and prior to the closing of the Debtors' case, jointly received $30,-000.00, the proceeds of an account receivable belonging to the Debtors' estate. The Trustee asserts the transfer of the $30,000.00 was not authorized by the bankruptcy court and constitutes an avoidable transfer under 11 U.S.C. § 549(a).[1]

The Movants' papers, filed in support of their motions for summary judgment, assert the Debtors filed their Chapter 7 petition on October 10, 1991 and scheduled as an asset a debt owing the Debtors in the following manner: "Bernard J. Rosenshein, et al money owed as a result of contract work—debtor has filed a Chapter 11 petition in New York $758,000." *Debtor's Petition, Schedule B,* p. 2, item 17. In addition, the Debtors listed the following described suit as one to which they were a party: "Case title: Sylvia Cons. Co. Inc. dba Norman and Alison Sylvia v. Bernard J. Rosenshein. Court and location: U.S. Bankruptcy Court, New York. Nature of proceeding: chapter 11 bankruptcy; debtor's claim $758,000. Suit status: case is continuing." *Debtor's Petition, Statement of Affairs,* p. 2, item 4. The Debtors, in their petition, further claimed $15,000.00 as an exemption in "a Chapter 11 petition in New York." *Debtor's Petition, Schedule C,* p. 1.

The plaintiff, appointed on October 15, 1991 as Trustee of the Debtors' estate, on November 19, 1993, filed a "No Distribution Report" which contained the following statement: "Pursuant to FRBP 5009 I hereby certify that the estate of the above named

debtors has been fully administered." *Statements of Facts of Movants,* at 2. The bankruptcy court, on March 30, 1994, closed the case. The Trustee had not sought to administer the Rosenshein claim prior to the closing of the case.

The court, on October 19, 1994, reopened the Debtors' case on the Trustee's motion. The Trustee's papers, filed in opposition to the Movants' summary judgment motions, assert that the Debtors had filed a proof of claim on behalf of Sylvia Construction Co., Inc. in the amount of $757,048.10 on or about December 27, 1990 in the bankruptcy estate of Bernard J. Rosenshein. The Rosenshein estate, on or about January 29, 1993, issued a check for $30,000.00 on account of the claim, payable to "Sylvia Construction, Inc. and [AOH]." The check was endorsed "Sylvia Construction, Inc. by Alison W. Sylvia, Treasurer" to AOH who, after deposit, retained $20,000.00 and issued their check on March 31, 1993 for $10,000.00 to the Debtors. The Debtors endorsed this check to BNG who, after deposit, retained $1,320.00 and issued their check for $8,680.00 to the Debtors. The Debtors then transferred $8,680.00 to Norman Sylvia, Sr.

The Trustee asserts he deposed Alison Sylvia on or about November 10, 1993 on the issue of the Rosenshein claim, and that she, under oath, testified that the $30,000.00 check was an asset of Sylvia Construction Company, but did not disclose (i) that no corporation named Sylvia Construction Company had ever been incorporated; (ii) that the Debtors had incorporated a company named Sylvia & Lewis Construction Co., Inc. in 1981; and (iii) that such corporation was dissolved by the State of Connecticut in 1985.

## III.

### A.

The Movants rely for summary judgment on Bankruptcy Code § 554(c) which provides: "Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered

---

1. 11 U.S.C. § 549(a) provides in part: "[T]he trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and ... (2)(B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a).

at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). The Movants contend that the Debtors having scheduled the Rosenshein claim, it was deemed abandoned by operation of law upon the closing of the case and that abandonment once accomplished is irrevocable. *See Wissman v. Pittsburgh Nat'l Bank,* 942 F.2d 867, 873 (4th Cir.1991) ("If the trustee does nothing to administer the scheduled property before the case closes, i.e., does nothing to pursue the action, it will then be deemed abandoned by operation of law."); *Cf. Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991) ("in order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must formally schedule the property before the close of the case").

The Trustee argues that an exception exists to the general rule that abandonment is irrevocable when the asset is scheduled—namely, when " 'information concerning the potential asset has not been properly disclosed so that the trustee can make an informed decision concerning abandonment.' " *In re Bogert,* 104 B.R. 547, 548 (Bankr. M.D.Ga.1989) (*quoting Huntington Nat'l Bank v. Hunter (In re Hunter),* 76 B.R. 117, 118 (Bankr.S.D.Ohio 1987). *See Murray Mitchell Building Supply Co., Inc. v. Burch Co., Inc. (In re Burch Co., Inc.),* 37 B.R. 273, 274 (Bankr.D.S.C.1983) (one exception to finality of abandonment is where property is concealed from the trustee). The Trustee asserts the misinformation he claims to have received from Alison Sylvia led him to believe "that the Rosenshein claim was improperly scheduled on the petition as a personal asset of the Debtors and [he] was unable to make an informed decision concerning closing the case and abandonment of the $30,-000.00 claim pursuant to 11 U.S.C. § 554(c)...." *Trustee's Memorandum of Law* at 11.

The Movants in their replies contend that the cases cited by the Trustee do not involve abandonment by operation of law under § 554(c). They further argue that the Trustee should have relied on the Debtor's scheduling the claim as a personal asset.

### B.

Fed.R.Civ.P. 56(c), made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7056, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (*quoting* Fed.R.Civ.P. 56(c)). The moving party has the burden of proving that no material facts are in dispute, and in considering such a motion, the court "must 'resolve all ambiguities and draw all reasonable inferences in favor' of the non-moving party...." *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir.1993) (*quoting Heyman v. Commerce and Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975)). The court in deciding a summary judgment motion, "cannot try issues of fact, but can only determine whether there are issues of fact to be tried." *R.G. Group, Inc. v. Horn & Hardart Co.,* 751 F.2d 69, 77 (2d Cir.1984) (*quoting Empire Electronics Co. v. United States,* 311 F.2d 175, 179 (2d Cir.1962)).

In resolving all ambiguities and drawing all reasonable inferences in favor of the Trustee as the non-moving party, the court concludes that the Movants are not entitled to summary judgment in that genuine issues of material fact exist—the information given to the Trustee by the Debtors regarding the Rosenshein claim prior to the closing of their case. The motion for summary judgment, accordingly, must be denied.

### IV.

■ Although not raised by the Trustee, the court denies the summary judgment motions on the alternate ground that these Movants have previously filed like motions for summary judgment which the court denied for intentional failure of the Movants to comply with local rules applying to such motions. *See Hoffman v. Adinolfi, O'Brien & Hayes, P.C. (In re Sylvia),* 185 B.R. 674, 676 (Bankr. D.Conn.1995).

The court did not enter the prior ruling "without prejudice", and it is within the discretion of the court to consider the first ruling as the law of the case. The court elects to make this ground an alternate ground because it apparently is the perception of certain of Movants' counsel that denial of a motion for knowingly failing to comply with local rules will not prevent a party from filing a renewed motion. If such perception is common among the local bar, it is unfounded. The court may exercise its discretion to deny renewed motions for summary judgment when the initial motions were denied, in effect, for inexcusable neglect to comply with the local and national rules. *Cf. Whitford v. Boglino,* 63 F.3d 527, 530 (7th Cir.1995) ("the ... court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist"); 10 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 2718 (1983) ("[T]he court may grant a renewed motion upon a showing of good cause.").

Accordingly, Defendants' motions for summary judgment are denied. It is

SO ORDERED.