In re Lawrence J. SUPLINSKAS, Lenora Suplinskas, Debtors.

Bankruptcy No. 93–20236.

United States Bankruptcy Court, D. Connecticut.

Aug. 17, 2000.

Christopher C. Noble, Noble & Associates, LLC, Plainville, CT, for Debtors.

Anthony S. Novak, Chapter 7 Trustee, Teresa A. Fontaine, for Chapter 7 Trustee, Chorches & Novak, P.C., Wethersfield, CT.

*MEMORANDUM OF DECISION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

Martin W. Hoffman, Esq. ("Hoffman"), the original trustee of the joint Chapter 7 case of Lawrence J. Suplinskas and Lenora Suplinskas (together, "the debtors"), on May 11, 2000, moved the court to reopen the debtors' case, which had been closed on July 24, 1996. Hoffman alleged he had been informed that $7,541.89 was now

available to the debtors' estate, arising from a pre-petition claim held by the debtors. The court, ex parte, on May 17, 2000, granted the motion, and the United States Trustee on the same date appointed Anthony S. Novak, Esq. ("successor trustee") as successor trustee to Hoffman.

Lawrence J. Suplinskas ("the debtor") filed an "objection," accompanied by several exhibits, to the reopening of the debtors' case on the ground that the $7,541.89 is not an available asset to the debtor's estate as the claim from which the money was derived ("the Colonial asset") had been abandoned to the debtor as unadministered scheduled property, pursuant to Bankruptcy Code § 554(c).[1] The parties argued the debtor's objection on June 21, 2000, and, thereafter, filed briefs[2]. The following relevant background is based upon the uncontested information contained in the objection, briefs and exhibits, there being no testimony from witnesses.

## II.

The debtors filed a joint Chapter 13 petition on January 22, 1993. The debtors had listed as an asset in Schedule B of their petition a joint "interest" in "Colonial Realty–Portsmouth Mall," with "no value." (Debtor's Exh. B.) This asset was not claimed as exempt. On March 28, 1996, the debtors converted their case to a liquidation proceeding under Chapter 7. On the same date, the debtors amended Schedule C of their petition to claim an exemption for property described as a "Colonial Partnership Claim" in the amount of one dollar. (Debtor's Exh. H.) The court granted the debtors a discharge on July 16, 1996,

and their case was closed on July 24, 1996, as a no-asset case.

The debtor, in October 1995, had received notice from the Clerk of the District Court that the debtor[3] was a member of a class of plaintiffs in an action pending in the U.S. District Court for the District of Connecticut, entitled "Pasternak v. Colonial Equities Corp." ("Colonial action"), in which a settlement was pending ("the notice"). (Debtor's Exh. D.) The debtor does not claim to have notified the Chapter 13 Trustee of the notice.[4] Christopher C. Noble, Esq. ("Noble"), the debtors' attorney, on March 28, 1996 (the date of conversion and amendment of the schedules) sent a letter, not copied to Hoffman, to the plaintiffs' attorneys ("the Colonial law firm") in the Colonial action stating that any "[d]istribution should be made to the Chapter 7 Trustee [and that] [t]he Debtor will then make a claim to the Trustee under the exemption claim." (Debtor's Exh. J.) Noble, on July 6, 1999, sent another letter to the Colonial law firm, this time with a copy to Hoffman, stating the debtor's Chapter 7 case had been closed and that, pursuant to § 554(c), the "Colonial Class claim is now the property of Mr. Suplinskas." (Debtor's Exh. K.) On April 19, 2000, the Colonial law firm advised Hoffman by letter that the debtor was entitled to a distribution of $7,541.88 from the Colonial action. (Debtor's Exh. N.) Hoffman, shortly thereafter, filed the motion to reopen the debtors' case.

## III.

■ As to the order entered reopening the debtor's case, the court believes that,

---

1. Section 554(c) provides:
   (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

2. The debtor's brief requests the court to treat the "objection" as a "motion to vacate" the order reopening his case, and in support of an order confirming the debtor's sole right to the monies involved.

3. The parties agree that only the debtor, and not the spouse, Lenora, had an interest in the Colonial asset.

4. The notice, *inter alia*, stated it was being sent to persons who were limited partners in three limited partnerships, including Colonial–Portsmouth Limited Partnership, and that the actions pending in the district court were against parties claimed to have defrauded the class of plaintiffs in the sale of limited partnership interests.

in the present circumstance, "[t]he reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved ... to enable the court to receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of" any requested order. *United States v. Germaine (In re Germaine),* 152 B.R. 619, 624 (9th Cir. BAP 1993). Thus, the debtor's objection to the reopening of his case, treated as a motion to vacate, is not meritorious, and is denied. The court will, however, proceed to determine the issue of entitlement to the monies involved, as fully submitted and briefed by the parties.

## IV.

The debtor, in his brief, argues that the determinative issue is whether the distribution from the Colonial action "is property that is separate and distinct from the investment asset listed in the original schedule. If they [sic] are separate and distinct, the Debtor's Schedule B was incomplete." (Debtor's Brief at 5.) The debtor relies primarily on the holding in *Hutchins v. I.R.S.,* 67 F.3d 40, 43 (3d Cir.1995) for his contention that the distribution is not separate and distinct from the scheduled asset, and Hoffman not having administered the asset, it is deemed abandoned to the debtor under § 554(c). The debtor also argues, citing *In re Woods,* 173 F.3d 770 (10th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 187, 145 L.Ed.2d 157 (1999), that "the equities of this case do not justify the granting of the relief" sought by the successor trustee. (Debtor's Brief at 8.)

The successor trustee argues that the Colonial action is a unique asset which the debtor had to schedule separately and which the debtor failed to do. Accordingly, he contends that the debtor's abandonment claim lacks a foundation. There is no disagreement that an asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 544(c). *See Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991). The successor trustee further argues that, under the record established in this proceeding, the failure of the debtor to disclose to Hoffman the existence of the Colonial action makes its technical abandonment, if it occurred upon the closing of the debtor's case, revocable. *See Hoffman v. Adinolfi, O'Brien & Hayes (In re Sylvia),* 190 B.R. 495, 497 (Bankr. D.Conn.1995) ("an exception exists to the general rule that abandonment is irrevocable when the asset is scheduled—namely, when information concerning a potential asset has not been properly disclosed so that the trustee can make an informed decision concerning abandonment") (citations and quotations marks omitted.) *See also Stoebner v. Wick (In re Wick),* 249 B.R. 900, 914 (Bankr.D.Minn.2000) ("A technical abandonment under § 554(c) is merely a rebuttable presumption. Exceptions to the finality of abandonment are allowed where (1) the trustee is given incomplete or false information about the asset by the debtor; (2) the debtor has failed to list the asset on the schedules and petition altogether, or (3) the trustee's abandonment was the result of a mistake or inadvertence.") (citations omitted.); *In re Ozer,* 208 B.R. 630, 633–34 (Bankr. E.D.N.Y.1997) (noting same exceptions to finality of abandonment).

## V.

The court concludes that the *Hutchins* ruling is not sufficiently apposite to the facts of this proceeding to be persuasive in supporting the debtor's contention that the Colonial action is an inherent part of the Colonial asset and need not have been scheduled. In *Hutchins,* the debtor listed as an asset an antitrust cause of action which the debtor had brought pre-petition. When that action post-petition settled, the settlement proceeds were turned over to the trustee. The trustee then filed a federal income tax return as to this income and paid a tax. The trustee later peti-

tioned the bankruptcy court to abandon any remaining assets to the debtor, and the court entered the requisite order. Some time after the bankruptcy case was closed, the debtor filed an amended tax return asserting overpayment in the prior trustee tax return. The IRS agreed and applied a credit to the debtor's tax arrearage. Thereafter, the IRS changed its mind and sought in a district court action to have the tax credit revoked on the ground that the debtor's trustee, not the debtor, was entitled to the tax credit. The IRS asserted that the tax credit or tax refund, had not been scheduled by the debtor in his bankruptcy case and, thus, was not abandoned to the debtor. The Court of Appeals overruled the IRS contention, determined that the debtor, under the circumstances, did not have to list the tax refund in his bankruptcy schedules, and concluded, *inter alia,* that the tax refund could be treated as an inherent part of the scheduled antitrust claim. *Hutchins,* 67 F.3d at 43.

■ On the record in the present proceeding, this court concludes the debtor's claim against third parties for damages based on fraud in the purchase of a partnership interest is a separate asset from the debtor's ownership of his partnership interest, and is not similar to the *Hutchins* facts. The proceeds in question do not derive from a liquidation of the debtor's partnership interest. But even if these proceeds could be considered as derived from the partnership interest, the debtor's actions in failing to disclose to Hoffman the notice received from the district court clerk brings into play the exception to abandonment referred to in *In re Sylvia, In re Wick* and *In re Ozer.* The debtor's reference to *In re Woods,* likewise, is unavailing. *Woods,* in relevance to the present proceeding, held that "a bankruptcy court may in appropriate circumstances revoke a technical abandonment." *Woods,* 173 F.3d at 778. The application of equita-

ble considerations, as requested by the debtor, does not favor the debtor. The record submitted does not support the presence of such factors as unfair prejudice to the debtor, laches, estoppel or the like.

### VI.

Judgment will enter that the debtor's "objection" is overruled, and that the proceeds from the Colonial action are determined to be a present asset in the debtor's reopened case [5]. It is

SO ORDERED.

---

**5.** The matter of the debtor's entitlement to claim an exemption in all or a portion of these proceeds is not before the court in this proceeding.