In re Joseph J. SALINARDI and
Catherine P. Salinardi,
Debtors.

Cadlerock Joint Venture
II, L.P., Plaintiff,

v.

Joseph J. Salinardi and Catherine
P. Salinardi, Defendants.

Bankruptcy No. 02–34471.
Adversary No. 03–3091.

United States Bankruptcy Court,
D. Connecticut.

Feb. 5, 2004.

Michael G. Albano, Esq., Sabia & Hartley, LLC, Hartford, CT, for Plaintiff–Movant.

Mark M. Kratter, Esq., Stamford, CT, for Defendants–Respondents.

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

ALBERT S. DABROWSKI, Chief Judge.

### I. INTRODUCTION

In this adversary proceeding Cadlerock Joint Venture, II, L.P., Assignee of D.A.N. Joint Venture, A Limited Partnership (hereafter, the "Plaintiff") seeks to have the entry of the Debtors' discharges denied. The Plaintiff's seven-count *Complaint Objecting to Discharge*, Doc. I.D. No. 1, generally alleges, *inter alia*, an orchestrated pattern of concealment of income and other assets by the Debtors in an attempt to subvert the legitimate efforts of creditors to collect on their debts. On November 4, 2003, the Plaintiff filed its ... *Motion for Summary Judgment as to Counts One, Two and Four* (hereafter, the "Motion"), Doc. I.D. No. 14, seeking summary judgment on Count One (Bankruptcy Code Section 727(a)(2)(A)), Count Two (Bankruptcy Code Section 727(a)(2)(B)), and Count Four (Bankruptcy Code Section 727(a)(4)(A)).[1] For the reasons which follow, the Motion must be denied.

### II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(J).

### III. DISCUSSION

Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Fed-

---

**1.** In accordance with applicable local rules the Plaintiff supported the Motion with the following: (i) *Local Rule 56(a)1 Statement of Material Facts Not in Dispute*, Doc. I.D. No. 16, and (ii) *Plaintiff's Memorandum of Law* ..., Doc. I.D. No. 15. *See* fn. 2, *infra.* The Motion, Local Rule 56(a)1 Statement, and related Memorandum of Law constitute three volumes of the official court file for this proceeding, being Volumes 2–4, inclusive. In response, the Debtor–Defendants, filed a three-page ... *Reply [sic] Against Motion for Summary Judgment* ... (hereafter, the "Opposition"), Doc. I.D. No. 19, supported by a one-page *Affidavit of the Defendant, Joseph Salinardi.* The Debtor–Defendants did not file the required Local Rule 56(a)2 Statement. The Plaintiff answered the Opposition with its ... *Memorandum of Law in Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment*, Doc. I.D. No. 20.

eral Rule of Bankruptcy Procedure 7056, directs that summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

█ When ruling on motions for summary judgment "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

█ Local Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (heretofore and hereafter, "Local Rule(s)") supplements Fed.R.Civ.P. 56(c) by requiring statements of material fact from each party to a summary judgment motion.[2] Under the Local Rule 56(a)1, the material facts set forth in a movant's statement "will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party . . . ." Local Rule 56(a) should be "strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." *Ross v. Shell Oil Co.*, 672 F.Supp. 63, 66 (D.Conn. 1987) (construing former Local Rule 9(c)).

█ The purpose of Local Rule 56(a) is to aid the Court in the efficient disposition of motions for summary judgment, and thereby conserve valuable judicial resources. In this proceeding, through their

---

**2.** Local Rule 56(a), entitled "Motions for Summary Judgment", applicable to this proceeding by D. Conn. LBR 1001–1(b), states in pertinent part as follows:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Materi-

al Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of a material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed.R.Civ.P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

\* \* \* \* \* \*

lack of attention to the Local Rules, the Defendants have deprived the Court of the intended benefit of Local Rule 56(a). In most circumstances, the Defendants' failure to file and serve a Local Rule 56(a)2 Statement[3] would be grounds alone for the entry of summary judgment against them. Nevertheless, under the unique circumstances of this proceeding, the Court will not dispose of the Motion on a failure of strict compliance with the Local Rules, but rather, be guided by more fundamental principles of bankruptcy jurisprudence.

The relief of a bankruptcy discharge is not an absolute right, but rather, a privilege accorded only to debtors who conduct their financial affairs with honesty and openness. Despite this limitation on the discharge right, the law carries a "presumption" in favor of the debtor in discharge contests. This debtor-inclination derives from the observation that the denial of a discharge "imposes an extreme penalty for wrongdoing". *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir.1996). Thus, Bankruptcy Code Section 727 "must be construed ... 'liberally in favor of the bankrupt'". *Id.* In addition, a party objecting to the granting of a discharge bears the ultimate burden of persuasion at trial. Fed. R. Bankr.P. 4005.

Therefore, given the extraordinary nature of discharge objections, it is also appropriate to apply strict scrutiny to motions for summary judgment filed by plaintiffs in such proceedings. Rare indeed will be the instance where the Court can adjudge with confidence, on a "paper" record alone, that a debtor engaged in discharge-disqualifying conduct with the statutorily-required level of scienter and intention. Pivotal factual issues involved in discharge proceedings often turn on the credibility of witnesses; and an essential tool in the Court's assessment of credibility is its observation of the demeanor of such witnesses. Such observation is, of course, impossible in the context of a summary judgment matter.

The foregoing tenets apply with full force to the Court's consideration of the instant Motion. While the Plaintiff's case appears formidable *on paper*, innocent explanations for the conduct presented are not entirely beyond the realm of reason.[4] If *bona fide* explanations do exist, they cannot be established without the Debtors' presentation of *credible* testimonial evidence. And given the law's presumption in debtors' favor in discharge proceedings, the Defendants here should be afforded an opportunity to present putatively exonerating testimony in person before this Court.

## IV. CONCLUSION

For the foregoing reasons there remain genuine issues for trial in this adversary proceeding. The Plaintiff's Motion shall be **DENIED** by separate Order. Trial of this adversary proceeding shall occur as scheduled on March 22, 2004, at 10:00 a.m.

---

3. The filing of the Opposition does not fulfill the requirement of a "separate, discrete statement of ... facts." *See, e.g., Hoffman v. Adinolfi, O'Brien & Hayes (In re Sylvia)*, 185 B.R. 674, 676 (Bankr.D.Conn.1995) (decision under former Local Rule 9(c)).

4. The Opposition alleges, *inter alia,* "many facts are in dispute" and "many conclusions of fact drawn by inference through separate facts simply are not true."