56 F.3d 66
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re WILLIAMS BROTHERS ASPHALT PAVING CO., INC., Debtor.
Colin D. WILLIAMS, Defendant-Appellant,
v.
Raymond B. JOHNSON, Plaintiff-Appellee.
 No. 94-2047.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 1
 Before: JONES and NORRIS, Circuit Judges; and DOWD, District Judge.*
 
 ORDER
 
 2
 Colin D. Williams appeals pro se a district court order affirming a bankruptcy court's grant of summary judgment in favor of the trustee on his complaint for declaratory judgment. He has also filed a motion to stay the district court's order pending appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 The factual background is adequately set forth in the district court's opinion, and will not be repeated here. Suffice it to say that in October 1991, the bankruptcy trustee learned of an anticipated refund owed by the United States Department of Energy (DOE) for crude oil overcharges which the debtor corporation (Williams Brothers Asphalt Paving Co., Inc.) made on its prepetition purchases of asphalt, oil and paving materials for the period encompassing 1973 until 1979. The trustee moved to reopen the bankruptcy proceedings and to recover these funds.
 
 
 4
 In awarding judgment to the trustee, the bankruptcy court held: (1) that the right to obtain the refund was property of the bankruptcy estate, and (2) that Williams's purchase of remaining company assets was ineffective to transfer the claim for refund to him because he had failed to give the trustee notice of the claim's existence. The district court affirmed the bankruptcy court's holding that the claim for refund is the property of the Williams Brothers estate, even though it came into being long after commencement of the bankruptcy case. The court also concluded that Williams breached his duty to make full disclosure and that this failure partially invalidated his purchase of assets from the trustee.
 
 
 5
 Concerning the appellate court's standard of review of bankruptcy cases, the Sixth Circuit independently reviews the bankruptcy court's decision. Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir. 1991). This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. Id. Upon review, we affirm.
 
 
 6
 The bankruptcy court's determination that the claim for refund is the property of the Williams Brothers estate was correct. The question whether an interest claimed by the debtor is "property of the estate" is a federal question to be decided by federal law. Butner v. United States, 440 U.S. 48, 55 (1979).
 
 
 7
 The case of Hartley v. Derryberry (In re Hartley), 47 B.R. 159 (Bankr. N.D. Ohio 1985) answers the issue of whether the claim for refund is property of the Williams Brothers bankruptcy estate, and is directly on point. In In re Hartley, a similar overcharge refund payable to the debtor after filing of the bankruptcy petition was deemed property of the bankruptcy estate because its origin was in the prepetition operations of the debtor. Id. at 161. The Hartley court relied on the Supreme Court tax case of Segal v. Rochelle, 382 U.S. 375 (1966), to reach this decision.
 
 
 8
 In the present case, the refund is also for crude oil overcharges made to the debtor corporation prior to the filing of the bankruptcy proceedings. The fact that the procedure for obtaining the refund was not established through the DOE until after the filing of the bankruptcy proceedings does not change the result. The right to the refund accrued well before the filing of the bankruptcy petition.
 
 
 9
 The bankruptcy court's determination that the trustee did not sell the undisclosed refund to Williams as part of William's purchase of the debtor corporation's assets was correct. "A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir.), cert. denied, 488 U.S. 967 (1988); Ohio Dep't of Taxation v. H.R.P. Auto Ctr., Inc. (In re H.R.P. Auto Ctr., Inc.), 130 B.R. 247, 253 (Bankr. N.D. Ohio 1991). Specifically, 11 U.S.C. Sec. 521(1) requires a debtor to file a schedule of assets and liabilities and a statement of financial affairs. A bankrupt cannot, by withholding knowledge of the existence of a potential claim that may be of value to his creditors, obtain release from his debts and still assert title to the claim. Krank v. Utica Mutual Ins. Co., 109 B.R. 668, 669 (E.D. Pa. 1990), aff'd, 908 F.2d 962 (3d Cir. 1990) (unpublished order); Hoffman v. First Nat'l Bank (In re Hoffman), 99 B.R. 929, 933 (N.D. Iowa 1989).
 
 
 10
 As the district court points out, the integrity of William's purchase of assets is marred by his failure to make full disclosure. The debtor corporation had a duty to amend its schedule once it learned that it was entitled to a refund. In re Hoffman, 99 B.R. at 933. As the sole shareholder, director, and president of the debtor corporation, and as its fiduciary, this duty fell squarely upon William's shoulders. By offering to purchase all remaining assets and allowing the sale to be consummated and confirmed, without apprising the trustee of the existence of the potential and then pending claim for refund, Williams breached his duty to make full disclosure. Therefore, the bankruptcy court properly determined that the assets purchased could not be deemed to include the claim for refund. Furthermore, because Williams breached his duty to disclose, he cannot claim abandonment. Krank, 109 B.R. at 669.
 
 
 11
 Accordingly, the motion to stay the district court's order pending appeal is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation