**In re Ronald J. ORTH and Peggy L. Orth, Debtors.**

**No. ST 95–82037.**

United States Bankruptcy Court, W.D. Michigan.

July 26, 2000.

James W. Boyd, Stowe Darling & Boyd PLC, Traverse City, MI, trustee.

## *OPINION*

JO ANN C. STEVENSON, Bankruptcy Judge.

On November 30, 1999, Chapter 7 Trustee, James Boyd, (Boyd or Trustee) filed a Motion for Turnover seeking to require the Debtors, Ronald and Peggy Orth, (Orths or Debtors) to turn over the proceeds received from the sale of certain real estate previously owned by their company, OCT Inc. (OCT).

On September 8, 1991, the Orths loaned OCT $5000. In exchange OCT gave them a mortgage on certain real estate to secure payment of a promissory note. Shortly thereafter, on October 18, 1991, OCT filed Chapter 7 and Boyd was appointed Trustee.

OCT's schedules listed the real property as having a value of $19,200 with a secured claim of $5,407.21. Apparently, a contamination problem came to light and Boyd eventually abandoned the property and filed a no asset report.

Several years later, on April 25, 1995, the Orths filed bankruptcy. The promissory note was not listed as an asset on Schedule B and the mortgage was not listed as real property on Schedule A. The OCT stock was listed but not exempted on the schedules. The stock was assigned a value of $0 because the corporation's only remaining asset was the parcel of contaminated real property. The debtors were granted a discharge on August 31, 1995.

On June 26, 1997, OCT sold the real property (subject to the mortgage) to Superior Car Cleaning & Detailing, Inc. for $10,000. According to the Debtors, the sale only took place because they agreed to assume liability for any environmental damage that may have occurred due to past use of the property. Net sale proceeds were paid to OCT in the amount of $7,599.49. These proceeds were eventually passed on to the Debtors.

The Trustee claims that the promissory note and the sale proceeds are property of the estate. He contends that this asset had not been abandoned by the Trustee in Orths' bankruptcy and the Debtors had a duty to disclose it but failed to do so.

The Debtors contend that the property was disclosed in OCT's bankruptcy and therefore had not been concealed. They claim that the proceeds from the sale of the property should not inure to the benefit of the estate because the proceeds are "earnings from services performed by an individual debtor after the commencement of the case" pursuant to § 541(a)(6). Consequently, the promissory note and the real property regained their value when the Debtors undertook the post-petition contractual obligation to clean up the property, an obligation not available to the bankruptcy estate.

 The Court disagrees. The Debtors had a duty to disclose the real property at issue in their personal bankruptcy. The Trustee cannot be charged with knowledge of every piece of property that has been abandoned during his career particularly here where the corporate and personal bankruptcies occurred four years apart. The Debtors should have disclosed the real property and waited for the Trustee's decision to abandon or not abandon. Only then could they proceed with confidence that the proceeds from the sale were rightfully theirs.

 "Specifically, 11 U.S.C. § 521(1) requires a debtor to file a schedule of assets and liabilities and a statement of financial affairs. A bankrupt cannot, by withholding knowledge of the existence of a potential claim that may be of value to

his creditors, obtain release from his debts and still assert title to the claim." *Williams v. Johnson (In re Williams Brothers Asphalt Paving Co., Inc.),* 56 F.3d 66 (6th Cir.1995). "To a substantial extent, the trustee's ability to perform the duties set forth in 11 U.S.C. § 704 depends on the accuracy and completeness of the debtor's disclosures." *In re Sharp,* 244 B.R. 889 (Bankr.E.D.Mich.2000). "The burden is on the debtors to list the asset and/or amend their schedules, and that in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1) before the close of the case." *Jeffrey v. Desmond,* 70 F.3d 183 (1st Cir. 1995). It is not enough that the trustee learns of the debtor's claims through other means; the burden is on the debtor to "schedule" those claims as assets pursuant to § 521(a). *Vreugdenhill v. Navistar International Transportation Corp.,* 950 F.2d 524, 526 (8th Cir.1991). "11 U.S.C. §§ 554(c) and (d) eliminate the debtor's right to enforce in his own name, any rights not listed as assets in the bankruptcy." *Jeffrey,* supra at 186 n. 3, citing *Vreugdenhill,* supra at 526. We find that because the Debtors failed to schedule the real property or the promissory note, they are not entitled to the proceeds therefrom.

We find erroneous the Debtors' argument that they supplied consideration for the sale that no one else could have. The Trustee could have offered the purchaser the same consideration had he so chosen. Unfortunately he was not afforded the opportunity.