******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SIDNEY F. MANNING *v.* JEFFREY L. FELTMAN ET AL.
(AC 35482)

DiPentima, C. J., and Keller and Borden, Js.

*Argued December 4, 2013—officially released April 8, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Scott M. Schwartz*, for the appellant (plaintiff).

*Robert J. Piscitelli*, for the appellees (defendant George El-Achkar et al.).

*Opinion*

KELLER, J. The plaintiff in this foreclosure action, Sidney F. Manning, appeals from the judgment of dismissal rendered by the trial court in favor of the defendants Georges El-Achkar and Homeowners Finance Company (Homeowners).[1] The court concluded that it lacked subject matter jurisdiction over the foreclosure action after determining that the plaintiff lacked standing because he failed to list the note and mortgage deed at issue in his foreclosure complaint as an asset in his 1995 bankruptcy petition. The court ruled that the note and mortgage remain the property of the bankruptcy estate, not the plaintiff. On appeal, the plaintiff claims that the court erred in granting the defendants' motion to dismiss because (1) the court should have abstained from deciding bankruptcy law issues, stayed the case, and referred such issues to the Bankruptcy Court; (2) the defendants lacked standing to raise bankruptcy issues; and (3) the court should have substituted the bankruptcy trustee as a party plaintiff. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. On January 31, 2012, the plaintiff filed this foreclosure action. In his complaint, he alleged that by a mortgage note dated January 9, 1987, Jeffrey L. Feltman, Gary Bengston, Ricky L. Bengston, Ronald O. Price, and Theresa A. Price[2] promised to pay him the principal sum of $35,000. By mortgage deed of that same date, Feltman, to secure repayment of the note, mortgaged to the plaintiff a certain piece or parcel of land owned by Feltman known as 221 Phoenix Street in Vernon. This mortgage was recorded on January 21, 1987, in the town land records. The plaintiff further alleged that the parties at issue had defaulted on the payments on the note and he was exercising his option to accelerate the entire balance due, to declare the note to be immediately due and payable with interest accrued from January 9, 1987, plus attorney's fees and costs of collection, all as provided for in the note, and to foreclose on the mortgage securing the note. The plaintiff also alleged that Homeowners had an interest in the proceedings as the holder of two mortgages on the property, one in the amount of $39,000, dated April 27, 2011, and the other in the amount of $39,900, dated June 27, 2011. Both mortgages are recorded in the town land records. The current owner of the property is alleged to be El-Achkar.

On May 9, 2012, El-Achkar filed an answer, five special defenses, and a counterclaim to the plaintiff's complaint. The counterclaim sought to quiet title to the property at 221 Phoenix Street in Vernon. On August 21, 2012, the plaintiff filed an answer and special defenses to El-Achkar's counterclaim and a reply to his special defenses. El-Achkar filed a reply to the plaintiff's special defenses on October 1, 2012. Homeowners filed

an answer and five special defenses identical to those of El-Achkar on October 24, 2012.

On January 29, 2013, the defendants jointly filed a motion to dismiss. Their motion claimed that the court lacked subject matter jurisdiction due to the plaintiff's lack of standing because the mortgage and note remain assets of the plaintiff's chapter 7 bankruptcy estate as a result of the plaintiff's failure to list the note and mortgage as an asset in his bankruptcy petition. The plaintiff filed an objection to the motion on February 19, 2013. In his objection, the plaintiff stated: "In 1995, the plaintiff filed a petition for relief in bankruptcy under chapter 7 [of the United States Bankruptcy Code]. At the time, he was represented [by counsel]. Attorney Barbara Hankin was appointed trustee and presided over the bankruptcy case. The case was closed as a no asset case in 1997." The plaintiff further asserted: "[A]t the time of [his bankruptcy] filing, his business bankruptcy counsel advised him that he did not have to list assets such as this mortgage that had no value at the time of filing [bankruptcy]. In the case of the instant mortgage deed, there were numerous liens ahead of the plaintiff's mortgage on the property, and consequently there was no equity for the position of the mortgage. . . . At the time that the mortgage was made, there were [fifteen] encumbrances on the property ahead of the subject mortgage. Eventually over almost two decades, these prior liens were paid off, and now there is equity in the premises for this mortgage. At the time of the bankruptcy case, there was no equity for the estate. Assumedly, the reason for the advice of bankruptcy counsel was that the trustee would have abandoned the property for lack of equity for creditors. The value of bankruptcy claims and assets is done as of the date of filing."[3] (Citations omitted.) The plaintiff also argued that the motion to dismiss was a delay tactic on the part of the defendants, and that he should be considered the record owner, notwithstanding that the defendants sought to force him to reopen a long closed bankruptcy case. He further suggested that "in the event that the court believes that the plaintiff does not presently have standing, both the equities and judicial economy compel holding this action in abeyance until the plaintiff can reopen the 1995 bankruptcy case and obtain a waiver of the then worthless asset."

On February 19, 2013, the court, *Sferrazza, J.*, issued a decision granting the defendants' motion to dismiss.[4] The court, noting its familiarity with the issue of standing raised by the defendants, ruled: "There is no issue that there was a chapter 7 bankruptcy filed. There is no issue that [the mortgage] wasn't listed or . . . abandoned by the bankruptcy trustee so that the plaintiff could bring this action.[5]

"When the plaintiff went into bankruptcy, all of [his] assets, including a property interest in a [chose in]

action became the property of the bankruptcy [estate] . . . . And if a debtor fails to list a claim including a [chose in] action, as an asset when he files [for] bankruptcy relief, that asset remains a part of the bankruptcy estate when the case is closed by virtue of [11 U.S.C. § 554 (d) (2012)]. And a debtor who fails to list a claim cannot pursue the claim for his own benefit unless the trustee has abandoned it. . . . So, consequently, the plaintiff in this case lacks standing to [foreclose] this mortgage." (Citation omitted; footnote added.) This appeal followed.

"The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-31 (a) (1)] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 774, 23 A.3d 1192 (2011). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Stevenson* v. *Peerless Industries, Inc.*, 72 Conn. App. 601, 606, 806 A.2d 567 (2002).

"A motion to dismiss tests . . . whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 278 Conn. 204, 211, 897 A.2d 71 (2006). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Caruso* v. *Bridgeport*, 285 Conn. 618, 627, 941 A.2d 266 (2008).

"The issue of standing implicates [the] court's subject matter jurisdiction. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable

right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . ” (Citations omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange,* 256 Conn. 557, 567–68, 775 A.2d 284 (2001).

“Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action.” Practice Book § 10-33. Once the issue of subject matter jurisdiction has been raised, the court must resolve it prior to proceeding further with the case. See *Figueroa* v. *C & S Ball Bearing,* 237 Conn. 1, 4, 675 A.2d 845 (1996). “Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.” (Internal quotation marks omitted.) *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297, 441 A.2d 183 (1982).

“If a party is found to lack standing, the court is without subject matter jurisdiction to hear the cause. . . . Because standing implicates the court’s subject matter jurisdiction, the plaintiff ultimately bears the burden of establishing standing. . . . Furthermore, [a] trial court’s determination that it lacks subject matter jurisdiction because of a plaintiff’s lack of standing is a conclusion of law that is subject to plenary review on appeal. . . . We conduct that plenary review, however, in light of the trial court’s findings of fact, which we will not overturn unless they are clearly erroneous.” (Citations omitted; internal quotation marks omitted.) *Seymour* v. *Region One Board of Education,* 274 Conn. 92, 104, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005).

I

The plaintiff’s first claim is that the court, rather than dismissing his foreclosure complaint, should have “abstained” from deciding federal bankruptcy law issues and referred such issues to the Bankruptcy Court where the plaintiff’s case was pending in 1995. The plaintiff does not dispute that when he filed for chapter 7 bankruptcy in 1995, on the advice of his bankruptcy counsel, he never listed the note or mortgage as assets. It is the plaintiff’s undisputed failure to schedule the mortgage as an asset when he filed for bankruptcy that is the crux of the standing issue, because the failure of the plaintiff to list the note and mortgage on his bankruptcy schedules resulted in the subject property remaining the property of the bankruptcy estate rather than the plaintiff.[6]

"The debtor must file a formal statement with the Bankruptcy Court including a schedule of his or her assets and liabilities. See 11 U.S.C. § 521 (a) (1) (B) (i). . . . Property that is scheduled pursuant to 11 U.S.C. § 521 (1), but not administered by the plan, is abandoned to the debtor by operation of law at the close of the bankruptcy case. See 11 U.S.C § 544 (c). By contrast, property that is not formally scheduled is not abandoned and therefore remains part of the estate. See 11 U.S.C. § 554 (d)[7] . . . . Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claim after emerging from bankruptcy, and the claims must be dismissed." (Citations omitted; internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 165, 2 A.3d 873 (2010).

Bankruptcy courts have held that unscheduled notes or mortgages remain the property of the bankruptcy estate even after the case is closed. See *In re Kane*, United States Bankruptcy Court, Docket No. 09-12470, (Bankr. N.D. Cal. July 12, 2010) (rejecting debtor's argument that estate had abandoned note by operation of law when note never properly scheduled so trustee could make knowing and intelligent decision as to whether to administer it); *In re Orth*, 251 B.R. 333, 334–35 (Bankr. W.D. Mich. 2000) (bankruptcy trustee entitled to proceeds toward satisfaction of note and mortgage granted to debtors upon sale of property when debtors failed to list note and mortgage as assets in their bankruptcy filing); *In re Harris*, 32 B.R. 125, 126–27 (Bankr. S.D. Fla. 1983) (debtors who filed for bankruptcy but failed to schedule their interest in two mortgages upon belief they lacked appreciable value not entitled to proceeds upon discharge of two mortgages after bankruptcy case concluded; court awarded proceeds to bankruptcy estate).

The plaintiff also does not have standing to pursue causes of action that are the rightful property of a bankruptcy estate. See *Channer* v. *Loan Care Servicing Center, Inc.*, United States District Court, Docket No. 3:11-cv-135 (SRU) (D. Conn. November 1, 2011) (debtor or former debtor does not have standing to pursue claims that constitute property of bankruptcy estate); *Tilley* v. *Anixter, Inc.*, supra, 332 B.R. 507–511 (plaintiff lacked standing to pursue intentional infliction emotional distress claim because he failed to schedule it in bankruptcy and claim remained estate property).

If the plaintiff lacks standing, the court must dismiss the action; it has no jurisdiction to take any further action, such as ordering a stay of the foreclosure proceeding to seek the advice of the federal bankruptcy court, a procedure for which the plaintiff presents no authority given the fact that his bankruptcy case was closed years ago. The case he does cite, *In re Crocker*, 362 B.R. 49 (B.A.P. 1st Cir. 2007), is distinguishable

from the present case in that it involved a debtor who *did* file a motion to reopen his bankruptcy case after it had been closed to resolve a question of dischargeability. In his appellate brief, the plaintiff spends considerable time speculating as to the possible consequences of pursuing a motion to reopen his bankruptcy case. He admits in his brief the following: "It is apparent from review of the relevant bankruptcy law concerning motions to reopen a case based upon omitted . . . assets that the bankruptcy court could take, in its discretion, various actions concerning the motion, and different results could obtain, based upon the position of the [bankruptcy] court and the trustee."[8] Thus, he concedes that the determination must occur in the bankruptcy court venue, but never explains why he has failed to pursue such a remedy, despite having had ample time in which to do so. "[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins.*, *Inc.*, 294 Conn. 206, 213–14, 982 A.2d 1053 (2009). Because the plaintiff bears the burden of establishing standing, the burden is on him to move to reopen the bankruptcy case to resolve the impasse created by § 554 (d) of the Bankruptcy Code.[9] Unless the Bankruptcy Court orders otherwise, property of the estate that is not abandoned and not administered in a case remains the property of the estate.

As noted by our Supreme Court, "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets. The courts will not permit a debtor to obtain relief from the [B]ankruptcy [C]ourt by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their action in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the [B]ankruptcy [C]ourt, which must decide whether to approve the plan of reorganization on the same basis are impaired when the disclosure provided by the debtor is incomplete." (Internal quotation marks omitted.) *Assn. Resources*, *Inc.* v. *Wall*, supra, 298 Conn. 170–71.

The undisputed facts before the trial court readily support the court's determination that the plaintiff lacked standing to bring the present action. Accordingly, we conclude that the court properly determined that it lacked subject matter jurisdiction and dismissed the plaintiff's complaint. The plaintiff is unable to demonstrate, in the absence of jurisdiction, that the immediate dismissal of the action was improper or that any further movement by the court was warranted.

## II

In his second claim, the plaintiff argues that the defen-

dants lacked standing to raise any "bankruptcy issues" in their motion to dismiss because "[t]he only interest they have at all is that the property that they have an interest in is subject to [the plaintiff's] preexisting mortgage." This claim is unsupported by reference to any legal authority and warrants only a brief discussion.

Both defendants are alleged in the plaintiff's complaint to have a title or interest in the property that a foreclosure judgment will affect. Any party, or the court itself, can raise the issue of subject matter jurisdiction at any time. It matters not how or by whom the question of jurisdiction is raised. *Woodmont Assn.* v. *Milford*, 85 Conn. 517, 524, 84 A. 307 (1912). Because subject matter jurisdiction cannot be conferred by waiver or consent; *Samson* v. *Bergin*, 138 Conn. 306, 309, 84 A.2d 273 (1951); the court must address the question, suo motu if necessary, even in the absence of a motion. *Felletter* v. *Thompson*, 133 Conn. 277, 280, 50 A.2d 81 (1946). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's actions have invaded." (Internal quotations marks omitted.) *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 579, 668 A.2d 688 (1995). Thus, we are not persuaded that the defendants lacked the ability to file a motion to dismiss. See, e.g., *Channer* v. *Loan Care Servicing Center, Inc.*, supra, United States District Court, Docket No. 3:11-cv-135 (SRV).

### III

In his third claim, the plaintiff challenges the court's judgment on the ground that, for the defendants, rather than filing a motion to dismiss, "a more appropriate motion would have been a motion to substitute [a] party plaintiff" that was selected by the Bankruptcy Court. Like the plaintiff's second claim, this claim is summarily briefed, is unsupported by any authority, and warrants only a brief analysis.

Neither the defendants nor the court were obligated to attempt to establish the plaintiff's standing by seeking to move to substitute a more appropriate plaintiff.[10] It was incumbent upon the plaintiff to seek to have a proper party plaintiff substituted for him under General Statutes § 52-109. See *DiLieto* v. *County Obstetrics & Gynecology Group*, Superior Court, Judicial District of Waterbury, Docket No. X02-CV-97-0150435-S, (January 27, 2000) (26 Conn. L. Rptr. 345) (plaintiffs' and bankruptcy trustee's pending motion to add or substitute trustee as party plaintiff could be granted under authority of § 52-109, and therefore defendants' motions to dismiss for lack of subject matter jurisdiction properly were denied). Because the plaintiff made no effort to substitute the bankruptcy trustee prior to the court's

dismissal, he is now obligated to reopen his bankruptcy case to properly administer the note and mortgage as assets, and it will then be up to a trustee whether to abandon these assets. Only if such assets are abandoned can the plaintiff proceed with confidence that the proceeds from any foreclosure he pursues in the future, if successful, are rightfully his.[11]

The judgment is affirmed.

In this opinion DiPentima, C. J., concurred.

[1] El-Achkar is the current owner of the property sought to be foreclosed. Homeowners claims an interest in the property by virtue of two mortgages it holds on the property. The other named defendants are Jeffrey L. Feltman (the former owner of the property), Gary Bengston, Ricky L. Bengston, Town and Country Veterinary Associates, P.C., the Department of Revenue Services, the United States Internal Revenue Service, and Ford Motor Credit Company. Connecticut Attorneys Title Insurance Company filed an appearance as an entity with a legal interest in the cause on appeal. Feltman and the Bengstons were signatories on a note promising to pay the plaintiff the sum of $35,000, which was secured by a mortgage from Feltman to the plaintiff. The complaint alleges that all the other defendants hold subsequent interests in the property being foreclosed. None of these other defendants are involved in this appeal. In this opinion, we refer to Georges El-Achkar and Homeowners collectively as the defendants, and individually by name where appropriate.

[2] Ronald O. Price and Theresa A. Price, originally named as defendants, were removed as party defendants from the case.

[3] There is nothing in the record that establishes the plaintiff's assertion that the mortgage had no value at the time he filed for bankruptcy. The record reflects that, at the time of the filing, the plaintiff never presented an accurate determination as to the unpaid balances of the prior liens or the fair market value of the property.

[4] Although the record does not contain a written memorandum of decision or a signed transcript regarding the court's decision granting the motion to dismiss, the plaintiff has filed an unsigned transcript of the court's decision. Although Practice Book § 64-1 (a) provides that a transcript of an oral memorandum of decision "shall be signed by the trial judge," we have deemed the record adequate for review despite the lack of a signature on the transcript where, as here, the unsigned transcript "contains a sufficiently detailed basis for the trial court's decision." *Thompson Garden West Condominium Assn., Inc.* v. *Masto*, 140 Conn. App. 271, 274 n.2, 59 A.3d 276 (2013). On the last page of the transcript, the court indicated that its ruling "be transcribed under Practice Book § 64-1 for purposes of appeal," signaling its intention that the transcript constitutes its oral decision in this matter.

[5] On appeal, the plaintiff does not dispute these factual findings by the court.

[6] The plaintiff does not suggest any facts that would excuse his failure to list the note and mortgage on the bankruptcy schedule of assets, such as that his interest in the note and mortgage did not accrue before the close of his bankruptcy estate, that he scheduled the claim on his bankruptcy petition and the trustee failed to administer it before the close of the estate, or that the bankruptcy trustee gave notice to his creditors or held a hearing with regard to the mortgage and the note. See *Tilley* v. *Anixter, Inc.*, 332 B.R. 501, 507–508 (Bankr. D. Conn. 2005).

[7] Section 554 (d) of title 11 of the United States Code provides: "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

[8] Section 350 (a) of title 11 of the United States Code provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Rule 5010 of the Federal Rules of Bankruptcy Procedure provides in relevant part: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350 (b) of the [Bankruptcy] Code. In a chapter 7 . . . case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." Accordingly, because the plaintiff's bankruptcy case is closed, there is no longer a designated trustee who could be substi-

tuted as a party plaintiff, and there may not be one appointed even if the case is reopened.

[9] Whether either of the defendants could move to reopen the bankruptcy case is doubtful. Although 11 U.S.C. § 350 (b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause," and Rule 5010 of the Federal Rules of Bankruptcy Procedure gives the debtor or any other party in interest the right to file a motion to reopen, parties who do not fall into the category of debtor or creditor may not have standing to do so. 3 Collier, Bankruptcy (A. Resnick & H. Sommer eds., 16th Ed. 2011) § 350-03 [8], pp. 350–15 through 350–16; see also *In re Alpex Computer Corp.*, 71 F.3d 353, 356–58 (10th Cir. 1995) (corporation allegedly owing money to debtor did not have standing to reopen case, even if corporation might be affected by how trustee interpreted plan as permitting litigation against it).

[10] Practice Book § 9-18 provides: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the right of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party."

[11] We assume that, in pursuing the motion to dismiss, El-Achkar duly considered the effect, if any, that the lack of a decision from the Bankruptcy Court or trustee may have on the pursuit of his counterclaim to quiet title to the subject property.