******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IAN WRIGHT *v.* CARLETON GILES ET AL.
(AC 42686)

Moll, Suarez and DiPentima, Js.

*Syllabus*

The self-represented, incarcerated plaintiff brought this action against the
defendants pursuant to federal law (42 U.S.C. § 1983), claiming violations
of his federal and state constitutional rights. The plaintiff claimed that
he was entitled to deportation parole or a deportation parole eligibility
hearing pursuant to statute (§ 54-125d (c)) and, that under 42 U.S.C.
§ 1983, the defendants had violated his rights to due process by failing
to implement policies, procedures, and/or regulations that provided him
with a deportation parole hearing and/or with eligibility. The trial court
dismissed the plaintiff's complaint on the ground that the defendants
were protected by sovereign immunity and rendered judgment thereon,
from which the plaintiff appealed to this court. *Held* that the judgment
of the trial court was affirmed on the alternative ground that the plaintiff
lacked standing; the plaintiff failed to demonstrate that he had a specific,
personal, or legal interest in deportation parole eligibility as the possibil-
ity of deportation parole created by § 54-125d does not create a legal
interest in parole eligibility, and the failure to exercise discretion to
grant a deportation parole eligibility hearing is not within the zone of
interests protected by 42 U.S.C. § 1983.

Argued September 10—officially released November 17, 2020

*Procedural History*

Action to recover damages for, inter alia, the alleged
deprivation of the plaintiff's federal constitutional
rights, and for other relief, brought to the Superior Court
in the judicial district of New London, where the court,
*Hon. Joseph Q. Koletsky*, judge trial referee, granted the
defendants' motion to dismiss and rendered judgment
thereon, from which the plaintiff appealed to this
court. *Affirmed.*

*Ian Wright*, self-represented, the appellant (plaintiff).

*Janelle R. Medeiros*, assistant attorney general, with
whom, on the brief, were *William Tong*, attorney gen-
eral, and *Clare E. Kindall*, solicitor general, for the
appellees (defendants).

*Opinion*

DiPENTIMA, J. The plaintiff, Ian Wright, appeals from the judgment of the trial court granting the motion of the defendants, Carlton Giles, Richard Sparraco, Scott Semple, and George Jepsen, to dismiss the action for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the court improperly granted the defendants' motion to dismiss.[1] We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following facts and procedural history. As we stated in *Wright* v. *Commissioner of Correction*, 201 Conn. App.    ,    ,    A.3d    (2020): "The [plaintiff] is a Jamaican national who was convicted in 2002, following a jury trial, of murder in violation of General Statutes § 53a-54a and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. The [plaintiff] was sentenced to a total effective term of thirty-five years of incarceration, including a sentence enhancement pursuant to General Statutes § 53-202k. His conviction was affirmed on direct appeal. *State* v. *Wright*, 77 Conn. App. 80, 822 A.2d 940, cert. denied, 266 Conn. 913, 833 A.2d 466 (2003). In 2013, the United States Immigration Court ruled that the [plaintiff] be removed from the United States to Jamaica."

In March, 2018, the self-represented plaintiff initiated an action pursuant to 42 U.S.C. § 1983, in which he alleged that he sent an application to the Board of Pardons and Paroles requesting a deportation parole eligibility hearing, but to date has not received such a hearing. The plaintiff claimed that the defendants violated his federal and state constitutional rights to due process by failing to implement policies, procedures and/or regulations providing him with a deportation parole hearing and/or providing him with eligibility. He specifically alleged that the mandatory language "shall" used in General Statutes § 54-125d (c) creates a legitimate expectation in parole to aliens who have served at least 50 percent of their sentence. On April 16, 2018, the defendants filed a motion to dismiss for lack of subject matter jurisdiction due to the plaintiff's lack of standing and sovereign immunity. In a memorandum of law in support of their motion to dismiss, the defendants argued that the plaintiff lacked standing because no mandatory, statutory right to parole exists. The plaintiff filed an opposition to the motion to dismiss. On January 23, 2019, the court issued an order that read: "The defendant's motion to dismiss is granted." In response to a motion for articulation filed by the plaintiff, on May 22, 2019, the trial court explained its dismissal as follows: "The state enjoys sovereign immunity in this case. Calling this case a 'civil rights action' does not make that the case. [The plaintiff's] allegations that he was being denied a 'deportation parole hearing and/or eligibility' does not rise to that level."

The plaintiff's principal argument on appeal is that his claim that due process entitled him to a deportation parole eligibility hearing pursuant to § 54-125d (c)[2] demonstrates a liberty interest in deportation parole eligibility sufficient to invoke the court's subject matter jurisdiction. The defendants contend that the plaintiff has no such liberty interest and argue that the court's decision should be affirmed on the alternative ground of lack of standing.[3]

"Where the trial court reaches a correct decision but on [alternative] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. . . . [W]e . . . may affirm the court's judgment on a dispositive [alternative] ground for which there is support in the trial court record." (Internal quotation marks omitted.) *Heisinger* v. *Cleary*, 323 Conn. 765, 776 n.12, 150 A.3d 1136 (2016).

"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . The issue of standing implicates [the] court's subject matter jurisdiction. . . . If a party is found to lack standing, the court is without subject matter jurisdiction to hear the cause. . . . Because standing implicates the court's subject matter jurisdiction, the plaintiff ultimately bears the burden of establishing standing." (Citations omitted; internal quotation marks omitted.) *Manning* v. *Feltman*, 149 Conn. App. 224, 230–31, 91 A.3d 466 (2014).

"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded. . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining aggrievement encompasses a [well settled] twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the

concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Citations omitted; internal quotation marks omitted.) *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 579, 668 A.2d 688 (1995).

"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . With respect to whether the [plaintiff has] demonstrated some legally protected interest, we often have stated: Standing concerns the question [of] whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. . . . [I]n considering whether a plaintiff's interest has been injuriously affected . . . we have looked to whether the injury he complains of [his aggrievement, or the adverse effect upon him] falls within the zone of interests sought to be protected . . . ." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 154–55, 851 A.2d 1113 (2004).

"An allegation of injury is both fundamental and essential to a demonstration of standing. Under Connecticut law, standing requires no more than a colorable claim of injury; a plaintiff ordinarily establishes his standing by *allegations* of injury. . . . As long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great. . . . Furthermore, an allegation of injury is a prerequisite under federal law to the maintenance of an action under [42 U.S.C.] § 1983." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Johnson* v. *Rell*, 119 Conn. App. 730, 737, 990 A.2d 354 (2010).

The plaintiff has not established that he has standing because he has not demonstrated that he has a specific, personal, or legal interest in deportation parole eligibility. In his complaint, the plaintiff alleged a violation of procedural due process as the basis for his § 1983 action, and claimed that he was deprived of a liberty interest in deportation parole eligibility pursuant to § 54-125d. The possibility of deportation parole created by § 54-125d does not create a legal interest in parole eligibility. The plaintiff's due process claims in the present case mirror those that he made in *Wright* v. *Commissioner of Correction*, supra, 201 Conn. App.     . In that case, we determined that the plaintiff did not have a liberty interest in deportation parole eligibility and/ or a deportation parole hearing pursuant to the deportation parole statute, § 54-125d. Id. We are mindful of the limited scope of relief available through a petition for a writ of habeas corpus; see *Green* v. *Commissioner*

*of Correction*, 184 Conn. App. 76, 85, 194 A.3d 857 (petitioner must allege either illegal confinement or deprivation of liberty interest to invoke jurisdiction of habeas court), cert. denied, 330 Conn. 933, 195 A.3d 383 (2018); and of the broader jurisdictional basis implicated in this action. In this civil action, the plaintiff is not required to demonstrate the existence of a liberty interest in order to invoke jurisdiction. See *Vincenzo* v. *Chairman, Board of Parole*, 64 Conn. App. 258, 263, 779 A.2d 843 (2001) (lack of liberty interest does not prevent plaintiff's pursuit of declaratory judgment action as long as statutory requirements for bringing declaratory judgment are satisfied). The plaintiff, however, must satisfy the requirements of establishing standing to bring his civil action. See, e.g., *Steeneck* v. *University of Bridgeport*, supra, 235 Conn. 579–80.

The plaintiff has failed to allege a direct or imminent injury to a legal interest. He does not have a legally protected interest in deportation parole eligibility. See *Wright* v. *Commissioner of Correction*, supra, 201 Conn. App.    . Furthermore, as the trial court alluded, although the plaintiff wrapped his claim in the garb of a civil rights action, his action concerns the fact that he was not given a parole eligibility hearing. The failure to exercise discretion to grant a deportation parole eligibility hearing is not within the zone of interests protected by 42 U.S.C. § 1983. See, e.g., *Hinesburg Sand & Gravel Co.* v. *State*, 166 Vt. 337, 342, 693 A.2d 1045 (1997) (dispute dressed up as civil rights action not within zone of interests of 42 U.S.C. § 1983). Accordingly, we conclude that the plaintiff lacks standing.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also raises an additional related claim regarding the Uniform Administrative Procedures Act, General Statutes § 4-183 et seq., which he did not raise in the trial court. This claim is unreviewable for a number of reasons, but we simply state that, because the plaintiff lacks standing, we decline to address this claim.

[2] General Statutes § 54-125d (c) provides: "Notwithstanding the provisions of subdivision (2) of subsection (b) of section 54-125a, any person whose eligibility for parole is restricted under said subdivision shall be eligible for deportation parole under this section after having served fifty per cent of the definite sentence imposed by the court."

[3] All parties also presented us with opposing arguments addressing the trial court's stated ground for dismissal, namely, that the action is barred by sovereign immunity.