******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## BECK AND BECK, LLC *v.* JAMES T. COSTELLO
## (AC 39034)

DiPentima, C. J., and Elgo and Harper, Js.

*Syllabus*

The plaintiff law firm sought to recover damages from the defendant for unpaid legal fees for services it had rendered in connection with its representation of the defendant in a receivership action. After the plaintiff's principal, B, was cited into the action as a counterclaim defendant, the trial court granted the plaintiff's motion to strike the amended counterclaims and cross claims that the defendant had filed and rendered judgment in favor of the plaintiff on the amended counterclaims and cross claims, from which the defendant appealed to this court. During the pendency of that appeal, the trial on the plaintiff's other claims proceeded, and the defendant filed a bankruptcy petition in which he failed to list the amended counterclaims and cross claims as an item of his personal property. The bankruptcy trustee thereafter determined that there was no property available for distribution from the estate and closed the bankruptcy case. Subsequently, this court reversed the judgment of the trial court granting the motion to strike the counterclaims and cross claims and remanded the case for further proceedings. On remand, the trial court granted the plaintiff's motion to dismiss the defendant's amended counterclaims and cross claims, determining that the defendant did not have standing to bring those claims because the bankruptcy trustee had not abandoned them. On appeal to this court, the defendant claimed that the trial court erroneously dismissed his counterclaims and cross claims for lack of standing after finding that those claims belonged to the bankruptcy estate. *Held* that the trial court correctly determined that the defendant lacked standing to bring the amended counterclaims and cross claims against the plaintiff and B; upon the filing of a bankruptcy petition, all prepetition causes of action become the property of the bankruptcy estate and must be properly scheduled in the bankruptcy petition in order to revest in the debtor through abandonment, and because the defendant did not properly list on his schedule of personal property in the bankruptcy proceeding the amended counterclaims and cross claims, which existed prior to the date on which the defendant filed the bankruptcy petition, the bankruptcy estate owned the amended counterclaims and cross claims and they were not abandoned by the bankruptcy trustee, who was not aware of them when she closed the defendant's bankruptcy case, and, therefore, the defendant lacked the requisite standing to bring the amended counterclaims and cross claims.

Argued September 25—officially released November 21, 2017

*Procedural History*

Action to recover unpaid legal fees, brought to the Superior Court in the judicial district of Fairfield, small claims session, where the defendant filed a counterclaim; thereafter, the matter was transferred to the regular civil docket, where the court, *Radcliffe, J.*, granted the defendant's motion to cite in Kenneth A. Beck as a counterclaim defendant; subsequently, the defendant filed an amended counterclaim and a cross claim; thereafter, the court, *Sommer, J.*, granted the plaintiff's motion to strike the amended counterclaim and cross claim; subsequently, the court, *Sommer, J.*, granted the defendant's motion for judgment on the stricken, amended counterclaim and cross claim and rendered judgment thereon, from which the defendant appealed to this court, which reversed the judgment and

remanded the case for further proceedings; thereafter, the court, *Arnold*, *J.*, granted the plaintiff's motion to dismiss the amended counterclaim and cross claim, and the defendant appealed to this court. *Affirmed.*

*James T. Costello*, self-represented, the appellant (defendant).

*Kenneth A. Beck*, for the appellees (plaintiff and counterclaim defendant).

*Opinion*

PER CURIAM. The defendant, James T. Costello, appeals from the trial court's dismissal of his amended counterclaims and cross claims against the plaintiff, Beck & Beck, LLC, and the counterclaim defendant, Kenneth A. Beck. On appeal, the defendant argues that the court erroneously dismissed his counterclaims and cross claims for lack of standing after finding that the claims belonged to his bankruptcy estate and not to him. We disagree, and accordingly, affirm the judgment of the trial court.

The following facts and procedural history are taken from our opinion in a prior appeal in this case.[1] "On August 30, 2011, the plaintiff filed this action in small claims court against the defendant seeking to recover unpaid legal fees for its prior representation of the defendant in a receivership action against the defendant's condominium association. The defendant . . . filed an answer, a special defense, and a four count counterclaim alleging breach of contract, breach of the implied covenant of good faith and fair dealing, professional malpractice, and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. After the case was transferred [to the regular docket], the plaintiff filed a motion to strike the defendant's entire counterclaim on the ground that the defendant's claims were legally insufficient because he [could not] possibly establish proximate cause or damages . . . . The trial court, *Levin*, *J.*, granted the plaintiff's motion to strike.

"The defendant thereafter moved to cite in the plaintiff's principal, Attorney Kenneth A. Beck, individually, as a counterclaim defendant. After the court granted the defendant's motion to cite in Beck, the defendant filed an amended answer, a special defense, and counterclaim against the plaintiff, and a parallel cross claim against Attorney Beck. The amended counterclaim and parallel cross claim pleaded claims that were essentially identical to those pleaded in the defendant's stricken counterclaim. The plaintiff thereafter moved to strike the defendant's amended counterclaim on two grounds: first, that the defendant could not prevail on any claim set forth in his counterclaim because he could not prove the causation or damages elements of any such claim; and second, that [t]he counterclaims and cross claims mirror the previously stricken counterclaims.

"The court, *Sommer*, *J.*, granted the plaintiff's motion to strike. . . . The court determined that the defendant had failed to submit a justiciable claim to the court, thus depriving the court of jurisdiction, that is, the authority to decide those claims on their merits, because it lacks jurisdiction as a matter of law. The court rendered judgment on the counterclaim and cross claim on October 7, 2013 . . . ." (Footnote omitted;

internal quotation marks omitted.) *Beck & Beck, LLC* v. *Costello*, 159 Conn. App. 203, 205–206, 122 A.3d 269 (2015). The defendant appealed from the trial court's judgment granting the plaintiff's motion to strike.

While the defendant's first appeal was pending, the trial on the plaintiff's claims proceeded. Following the trial, the plaintiff was awarded $750 in unpaid legal fees, plus costs. During the pendency of the defendant's first appeal, and after trial on the plaintiff's claims, the defendant filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut. The defendant completed a chapter 7 voluntary petition, on which he listed certain financial information, including the $750 judgment owed to the plaintiff as an unsecured nonpriority claim. He also noted the underlying action under the section titled "Suits and administrative proceedings, executions, garnishments and attachments." On the defendant's schedule B—personal property form, however, the defendant checked "[n]one" where the form asks for a description of "[o]ther contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor . . . ." On September 17, 2014, the bankruptcy trustee issued a report (report of no distribution) determining that "[t]here is no property available for distribution from the estate." The defendant's bankruptcy case was closed on November 13, 2014.

Prior to oral argument in the first appeal, the plaintiff filed a motion to dismiss the appeal, arguing that because the Bankruptcy Court had not made a judicial determination that the defendant's counterclaims and cross claims were abandoned, the defendant was not the real party in interest as the claims still belonged to the bankruptcy estate. At oral argument before this court in 2015, we noted that the issue of whether the defendant had standing was one for the trial court to address on a motion to dismiss and, therefore, we allowed the appeal to proceed. This court reversed the trial court's order granting the plaintiff's motion to strike the defendant's amended counterclaims and cross claims, and remanded the defendant's claims to the trial court for further proceedings. See *Beck & Beck, LLC* v. *Costello*, supra, 159 Conn. App. 208–209.

Prior to a trial on the defendant's amended counterclaims and cross claims, the plaintiff filed a motion to dismiss on the grounds that the defendant lacked standing and that the court lacked subject matter jurisdiction because there was no actual controversy between the plaintiff and the defendant. On February 26, 2016, the court, *Arnold, J.*, granted the plaintiff's motion to dismiss the defendant's amended counterclaims and cross claims, determining that the defendant did not have standing because the bankruptcy trustee had not abandoned those claims.[2] This appeal followed.

We first set forth the applicable standard of review.

"A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 548, 133 A.3d 140 (2016). "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Dorry* v. *Garden*, 313 Conn. 516, 521, 98 A.3d 55 (2014).

The defendant maintains that the bankruptcy trustee abandoned the amended counterclaims and cross claims when she submitted the report of no distribution and closed the defendant's bankruptcy case. The plaintiff responds that because the defendant did not list the amended counterclaims and cross claims on his bankruptcy petition, the trustee never abandoned those claims and, therefore, the court was correct in dismissing the defendant's amended counterclaims and cross claims for lack of standing. We agree with the plaintiff.

"The act of filing a bankruptcy petition transfers a debtor's assets to the bankruptcy estate, and these assets remain assets of the bankruptcy estate unless returned to the debtor by the operation of law. . . . [I]t is a basic tenet of bankruptcy law . . . that all assets of the debtor, including all pre-petition causes of action belonging to the debtor, are assets of the bankruptcy estate that must be scheduled for the benefit of creditors . . . ." (Citations omitted; internal quotation marks omitted.) *Crawford* v. *Franklin Credit Management Corp.*, 758 F.3d 473, 483 (2d Cir. 2014). "[A]n asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554 (c)." *In re Suplinskas*, 252 B.R. 293, 295 (Bankr. D. Conn. 2000).

"[W]here a debtor fails to list a claim as an asset on a bankruptcy petition, the debtor is without legal capacity to pursue the claim on his or her own behalf post-discharge. . . . This is so regardless of whether the failure to schedule causes of action is innocent." (Citations omitted.) *In re Costello*, 255 B.R. 110, 113

(Bankr. E.D.N.Y. 2000); see also *Rosenshein* v. *Kleban*, 918 F. Supp. 98, 103 (S.D.N.Y. 1996) ("[c]ourts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed").

"If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citation omitted; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 320 Conn. 548.

Even indulging every presumption in favor of jurisdiction, we cannot conclude that the defendant has standing to pursue his amended counterclaims and cross claims. The case law makes it clear that upon the filing of a bankruptcy petition, all prepetition causes of action become the property of the bankruptcy estate; see *Crawford* v. *Franklin Credit Management Corp.*, supra, 758 F.3d 483; and that in order to revest in the debtor through abandonment, the assets must be properly scheduled. See *In re Suplinskas*, supra, 252 B.R. 295. A review of the defendant's schedule B—personal property form shows that when asked to list "[o]ther contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor," the defendant checked "[n]one." Although the defendant noted the underlying action and the $750 judgment that the plaintiff had against him, the bankruptcy trustee was not made aware of the counterclaims and cross claims that the defendant had pending against the plaintiff. Therefore—even if omission of the counterclaims and cross claims was innocent—the trustee did not abandon the counterclaims and cross claims when she issued the report of no distribution and closed the defendant's bankruptcy case in 2014.

The amended counterclaims and cross claims existed prior to the date on which the defendant filed his bankruptcy petition, and litigation surrounding those claims was ongoing. Because the defendant failed to include the counterclaims and cross claims on his schedule B—personal property form, we conclude that the bankruptcy estate owns the defendant's amended counterclaims and cross claims. See, e.g., *Omotosho* v. *Freeman Investment & Loan*, 136 F. Supp. 3d 235, 244–45 (D. Conn. 2016) ("The plaintiff had sufficient knowledge of facts related to initiation of the [cause of action] at the

time he filed for bankruptcy. [Therefore] [b]ecause the plaintiff failed to include this claim on his Schedule B, it is owned by the bankruptcy estate."). Accordingly, the court correctly determined that the defendant lacks the requisite standing to bring the amended counterclaims and cross claims against the plaintiff and counterclaim defendant.

The judgment is affirmed.

[1] See *Beck & Beck, LLC* v. *Costello*, 159 Conn. App. 203, 122 A.3d 269 (2015).

[2] Because the court determined that the defendant lacked standing to bring his amended counterclaims and cross claims, it did not reach the merits of the plaintiff's argument that no actual controversy existed between the plaintiff and the defendant.