******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DAB THREE, LLC *v.* LANDAMERICA FINANCIAL GROUP, INC., ET AL.
## (AC 39834)

Sheldon, Keller and Prescott, Js.

*Syllabus*

The plaintiff sought to recover damages for breach of contract from the defendant insurance brokers L Co., T Co. and E Co., and from F and M, who were employees or agents of E Co., the entity with which the plaintiff had entered into a contract for a certain insurance policy. The trial court granted the defendants' motion to dismiss the breach of contract claim as against L Co. for lack of subject matter jurisdiction. The plaintiff's claim against L Co. had been extinguished when L Co. was granted a discharge in a bankruptcy case it had filed. The trial court thereafter rendered summary judgment as to all of the remaining defendants except T Co. The court ruled that T Co. was the only corporate defendant that could properly be sued for breach of contract. The court thereafter granted the motion of counsel for the defendants to withdraw its appearance for T Co. on the basis of counsel's representation that T Co. no longer existed because it previously had changed its name to E Co. On appeal to this court, the plaintiff claimed that the trial court improperly dismissed its claim against L Co., and improperly rendered summary judgment in favor of E Co., F and M. *Held*:

1. The trial court properly dismissed the plaintiff's claim against L Co. for lack of subject matter jurisdiction; L Co. previously had filed for bankruptcy, listed the plaintiff's claim against it in its bankruptcy filing and had the plaintiff's claim against it discharged in bankruptcy after the plaintiff failed to file a proof of claim as to that claim with the Bankruptcy Court, and because the plaintiff did not assert any claim for liability against any insurer of L Co., L Co. would bear the cost of defending against the plaintiff's claims against it, which would be in contravention of bankruptcy law.

2. The trial court improperly rendered summary judgment in favor of E Co.; although the plaintiff had abandoned its claim against T Co. on the basis of counsel's representation that T Co. no longer existed, the record did not support the defendants' claim that the plaintiff intentionally relinquished and waived its claim against E Co., and given that, when the plaintiff decided not to go to trial against T Co., a nonexistent entity, summary judgment already had been rendered in favor of E Co., the existing entity that it had become by change of name, the plaintiff could not have pursued its claim against E Co., and the record was clear that E Co. was the proper party against whom the plaintiff could maintain a claim for breach of contract.

3. The trial court properly rendered summary judgment in favor of F and M; because neither F nor M was a party to the contract between the plaintiff and E Co., they could not be held liable for the alleged breach of the contract.

Argued April 10—officially released July 10, 2018

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Arnold, J.*, granted the defendants' motion to dismiss as to the named defendant; thereafter, the court, *Wenzel, J.*, granted in part the motion for summary judgment filed by the defendant Lawyers Title Corporation et al. and rendered judgment thereon, from which the plaintiff appealed to this court; subsequently, the court, *Bellis, J.*, granted the motion to withdraw from representation filed by counsel for the defendant Law-

yers Title Environmental Insurance Service Agency, Inc., and rendered judgment dismissing the action as against the defendant Lawyers Title Environmental Insurance Service Agency, Inc.; thereafter, the plaintiff filed an amended appeal with this court; subsequently, this court dismissed the plaintiff's appeal in part. *Reversed in part; further proceedings.*

*Laurence V. Parnoff*, with whom, on the brief, was *Laurence V. Parnoff, Jr.*, for the appellant (plaintiff).

*Jason A. Buchsbaum*, with whom were *Jonathan S. Bowman* and, on the brief, *Barbara M. Schellenberg*, for the appellees (named defendant et al.).

*Opinion*

SHELDON, J. In this action arising from the alleged breach of contract for the procurement of an environmental insurance policy, the plaintiff, DAB Three, LLC, appeals from the judgments rendered in favor of the defendants LandAmerica Financial Group, Inc. (LFG), LandAmerica Environmental Insurance Service Agency, Inc. (LEISA), Sandra Fitzpatrick, and Debra Moser.[1] The plaintiff claims that the trial court erred (1) in dismissing its breach of contract claim against LFG for lack of subject matter jurisdiction, and (2) in rendering summary judgment in favor of LEISA, Fitzpatrick and Moser on the plaintiff's breach of contract claims against them. We agree with the plaintiff that the summary judgment rendered in favor of LEISA cannot stand. We disagree, however, with the plaintiff's claims of error as to the dismissal of its claim against LFG and the rendering of summary judgments in favor of Fitzpatrick and Moser. Accordingly, we reverse in part and affirm in part the judgments of the trial court.

The following procedural history is relevant to the plaintiff's claims on appeal. In 2006, the plaintiff commenced this action against the following seven defendants: LFG, LEISA, Lawyers Title Corporation (LTC), Lawyers Title Insurance Corporation (LTIC), Lawyers Title Environmental Insurance Service Agency, Inc. (LTEISA), Fitzpatrick, and Moser. The plaintiff claimed that the defendants were all licensed insurance brokers or agents with whom it contracted for the procurement of a legal liability insurance policy that would protect the plaintiff against risk of loss for environmental and pollution cleanup and remediation costs that it might incur in relation to as yet undiscovered environmental hazards that might later be found on a parcel of real property it intended to purchase for the purpose of resale. After the plaintiff purchased the parcel, it discovered certain previously unknown and preexisting solid waste disposal areas on it. The plaintiff subsequently filed a claim with the insurer for the cost of cleanup and remediation of those areas, but its claim was denied on the ground that it was not covered by the policy. The plaintiff's two count complaint alleged breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

On March 10, 2008, the trial court, *Arnold, J.*, rendered summary judgment in favor of all seven defendants with respect to the CUTPA count, which ruling is not contested in this appeal.

On July 31, 2015, the defendants filed a joint motion to dismiss the plaintiff's claim of breach of contract against LFG for lack of subject matter jurisdiction. In support of their motion, the defendants alleged (1) that LFG had filed for bankruptcy in 2008; (2) that LFG had

listed the plaintiff's claim against it in this lawsuit in its schedule of assets and liabilities; (3) that the plaintiff had failed, despite notice of the bankruptcy, to file a proof of claim in the bankruptcy case with respect to its present claim; and thus (4) that the plaintiff's present claim against LFG was extinguished, depriving the court of subject matter jurisdiction over it, when LFG was granted a discharge in the bankruptcy case. On September 29, 2015, the trial court issued a memorandum of decision granting the motion to dismiss with respect to LFG.

On April 13, 2016, the remaining defendants filed a joint motion for summary judgment as to the plaintiff's claim of breach of contract against them. The defendants argued that they were entitled to summary judgment on that claim because "(1) the individual defendants were employees and agents acting on behalf of a disclosed principal and cannot be held liable for corporate contracts as a matter of law; (2) [the] plaintiff was provided exactly what it requested by way of an environmental insurance policy and there was no contract for a specific result; and (3) if there is a contract, there can be no privity of contract between [the] plaintiff and any defendant other than [LTEISA], the only defendant that brokered the policy at issue." On October 14, 2016, the trial court, *Wenzel*, *J.*, granted the motion for summary judgment as to all defendants except LTEISA. The court ruled, more particularly, that, on the basis of the evidence submitted to it, there was no genuine issue of material fact that LTEISA was the "lone broker" on the policy, and thus it was the only corporate defendant that could properly be sued for breach of contract in relation to the policy. The court further found, on the basis of the submitted evidence, that the individual defendants were, at all times, "working on behalf of LTEISA to procure the policy for the plaintiff . . . and [a]s to the corporate defendants other than LTEISA, [the defendants] have established that none of them ever made an agreement to provide brokerage services to [the] plaintiff and that they were not involved in procuring or brokering the policy." On November 22, 2016, the plaintiff filed this appeal from the judgment of dismissal as to LFG and the summary judgments rendered in favor of LEISA, Fitzpatrick and Moser.

On November 8, 2016, counsel for the defendants filed a motion to withdraw their appearance for LTEISA, the only remaining defendant, on the ground that since LTEISA had changed its name to LEISA in 1999, "LTEISA no longer exists." On that basis, counsel represented that they "no longer ha[d] a client as to LTEISA." On December 5, 2016, the court, *Bellis*, *J.*, granted the motion to withdraw. On December 7, 2016, the plaintiff amended this appeal to include a challenge to the granting of counsel's motion to withdraw their appearance for LTEISA.

On December 14, 2016, the court issued an order dismissing the plaintiff's claim against LTEISA because the plaintiff's counsel had indicated on the record that it was not going forward with trial against that nonexisting entity. This court thereafter dismissed the plaintiff's appeal challenging the granting of the motion to withdraw on the ground that that claim was rendered moot when the plaintiff opted not to proceed to trial against LTEISA and the claims against LTEISA were dismissed.

On appeal, the plaintiff challenges the judgment dismissing its claim against LFG for lack of subject matter jurisdiction, and the summary judgments rendered in favor of LEISA and the individual defendants. We address each of the plaintiff's claims in turn.

I

We begin with the plaintiff's challenge to the judgment dismissing its claim against LFG on the ground that the court lacked subject matter jurisdiction because that claim had been extinguished by the bankruptcy discharge. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Beck & Beck, LLC* v. *Costello*, 178 Conn. App. 112, 116, 174 A.3d 227 (2017), cert. denied, 327 Conn. 1000, 176 A.3d 555 (2018).

The plaintiff does not challenge the factual basis upon which the trial court dismissed its claim against LFG— that LFG filed for bankruptcy, that LFG listed the plaintiff's claim against it in its bankruptcy filing, that the plaintiff, despite notice of the bankruptcy, failed to file a proof of claim as to its present claim with the United States Bankruptcy Court, and thus that the plaintiff's claim against LFG was extinguished upon discharge by the Bankruptcy Court. Instead, the plaintiff argues that the trial court's legal determination that it lacked subject matter jurisdiction by reason of LFG's discharge "is contrary to both applicable law set out in the court's holding in *Lightowler* v. *Continental Ins. Co.*, 255 Conn. 639, 645–46, 769 A.2d 49 (2001) . . . [due to] the fact of the potential liability of a reinsurer and purchaser of [LFG]'s stock." The plaintiff cited *Lightowler* in the trial court in opposition to the motion to dismiss its claim against of LFG, but the trial court rejected that claim, reasoning as follows: "[T]he plaintiff's claim that it should be able to recover against [LFG's] insurance carrier based on the holding in *Lightowler* is incorrect. A significant distinction between *Lightowler* and the present case is that in *Lightowler*, the defendant's insurer was also a named defendant in the lawsuit. There is no insurer for the defendant [LFG] who has

been named as a codefendant in this lawsuit. Additionally, the plaintiff cannot identify any insurer or assure the court that such insurance coverage is even available." We agree with the trial court's analysis.

*Lightowler* was a legal malpractice action brought against the plaintiff's former attorney and that attorney's malpractice insurance carrier. The Supreme Court held that the plaintiff could maintain her action against both parties despite the bankruptcy of the attorney "solely for the purpose of obtaining a judgment against [the plaintiff's former attorney] as a necessary prerequisite to seeking recovery against the [codefendant insurance company]—without subjecting [the plaintiff's former attorney] to any exposure to personal liability under the policy." *Lightowler* v. *Continental Ins. Co.*, supra, 255 Conn. 651. In so holding, the court in *Lightowler* explained: "The discharge of a debt . . . triggers the operation of the provisions of 11 U.S.C. § 524 . . . which shield the debtor from any personal liability for that debt by affording the debtor the right to an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor . . . . However, 11 U.S.C. § 524 (e) expressly provides that the relief accorded the debtor under the provisions of § 524 does not extend to other parties. Together, the language of these sections reveals that Congress sought to free the debtor of his [or her] personal obligations while ensuring that no one else reaps a similar benefit. . . . Thus, the purpose of [§] 524 of the Bankruptcy Code is to protect the debtor and not to shield third parties such as insurers who may be liable on behalf of the debtor. . . . The fresh-start policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured. . . . Furthermore . . . a claimant is not barred from obtaining a judgment against a discharged debtor solely for the purpose of establishing the debtor's liability when . . . a judgment against the debtor is a prerequisite to recovering against the debtor's insurer. . . . It bears emphasis, however, that [t]his exception to the permanent injunction under [§] 524 (a) is necessarily conditioned upon the debtor's being exempted from any exposure to personal expense or liability, resulting from the creditor's action, which would imperil [his or her] fresh start." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 644–47.

Here, the plaintiff did not assert any claim for liability against any insurer of LFG. In the absence of any such claim against a third-party insurer, LFG would bear the cost of defending against the plaintiff's claims against it, which would be in contravention of § 524. We thus agree with the trial court that the distinction between *Lightowler* and this case—that LFG's insurer, if any, unlike the insurer in *Lightowler*, was not a named defen-

dant in this action—renders *Lightowler* inapposite to this case. We thus conclude that the trial court properly rejected the plaintiff's argument in opposition to the dismissal of the claims against LFG. Accordingly, the court properly granted the motion to dismiss the plaintiff's claim against LFG for lack of subject matter jurisdiction.

## II

The plaintiff next challenges the summary judgments rendered in favor of LEISA, Fitzpatrick and Moser. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Hull* v. *Newtown*, 327 Conn. 402, 407, 174 A.3d 174 (2017).

## A

The plaintiff claims, inter alia,[2] that because "the court denied summary judgment for LTEISA on the ground [that] it was the individual defendants' employer, the granting of summary judgment for . . . LEISA, the actual employer of the individual defendants since January 29, 1999," cannot stand. We agree.

In their motion for summary judgment, the defendants argued that "there can be no privity of contract between [the] plaintiff and any defendant other than [LTEISA because LTEISA was] the only defendant that brokered the policy at issue." On the basis of that factual representation by the defendants, the trial court agreed that only LTEISA could potentially be held liable on the plaintiff's claim for breach of contract. Consequently, it rendered summary judgment in favor of the remaining corporate defendants. After the court rendered summary judgment in favor of LEISA, however, as explained previously, counsel for the defendants disclosed that LTEISA had changed its name to LEISA in 1999, during the negotiations for, and before the procurement of, the policy. At oral argument before this court, counsel for the defendants conceded that, in light of that name change, LEISA is the entity with which the plaintiff had entered into a contract to provide the insurance policy at issue.

The defendants nevertheless persist in their claim that the summary judgment rendered in favor of LEISA should be upheld on the ground that the plaintiff later waived its claims against LEISA by declining to proceed to trial against LTEISA.[3] The defendants claim that the

plaintiff thereby intentionally relinquished its breach of contract claim against LEISA. See *DeLeo* v. *Equale & Cirone, LLP*, 180 Conn. App. 744, 758, A.3d (2018) (waiver is intentional relinquishment of known right). The defendants did not raise this claim of waiver in their motion for summary judgment, nor could they have done so because the alleged relinquishment by the plaintiff of its claim against LEISA did not occur until two months after summary judgment was rendered in LEISA's favor. It is difficult to understand how the summary judgment rendered in favor of LEISA could have been proper on a ground not argued by the defendants when they moved for judgment. The defendants claim that the plaintiff had "full knowledge of the fact that LTEISA and LEISA were one and the same, [and] had the opportunity to proceed to judgment against LTEISA" but failed to do so. The defendants argue: "Since LTEISA and LEISA are the same entity, and [the] plaintiff was fully aware of that fact at the time it chose not to proceed to judgment, it has waived all claims against LEISA." We disagree. The defendants' argument not only plainly contradicts their repeated claims that LTEISA no longer existed after 1999, but is unsupported by the record, which did not reveal that LTEISA and LEISA were one and the same entity, or that the plaintiff had such knowledge when it elected not to pursue its claim against LTEISA. Rather, the record reveals only that the plaintiff abandoned its claims against LTEISA on the basis of the representation by the defendants' counsel that that entity "no longer exists." The record does not support the defendants' claim that the plaintiff intentionally relinquished, and thus waived, its claim against LEISA.

Moreover, when the plaintiff decided not to go to trial against a nonexistent entity, summary judgment had already been rendered in favor of the existing entity it had become by change of name, its successor, LEISA. Consequently, the plaintiff could not have pursued its claim against LEISA. The record is clear that LEISA is the proper party against whom the plaintiff may maintain a claim for breach of contract, and the defendants have so conceded. We therefore reverse the summary judgment rendered in favor of LEISA.

B

The plaintiff also challenges the summary judgments rendered in favor of Fitzpatrick and Moser. Summary judgment was sought, and rendered by the trial court, in favor of the individual defendants, Fitzpatrick and Moser, on the ground that they were not parties to the contract between the plaintiff and LEISA, but, rather, that they were employees or agents working on behalf of LEISA, a disclosed principal, and thus they cannot be held liable for corporate contracts as a matter of law.[4]

The following law, which was cited by the trial court, is applicable to the plaintiff's claim against Fitzpatrick

and Moser. "As a general matter, a principal is liable for the acts of its agent. . . . When dealing with a third party, however, the agent may incur personal liability under certain circumstances. . . . [I]t is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, as the person dealt with is not bound to inquire whether or not the agent is acting as such for another. . . . If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." (Citations omitted; internal quotation marks omitted.) *Pelletier Mechanical Services, LLC* v. *G & W Management, Inc.*, 162 Conn. App. 294, 305, 131 A.3d 1189, cert. denied, 320 Conn. 932, 134 A.3d 622 (2016). "Accordingly, the agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal. . . . Under the rules of agency, [u]nless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." (Citations omitted; internal quotation marks omitted.) *Rich-Taubman Associates* v. *Commissioner of Revenue Services*, 236 Conn. 613, 619, 674 A.2d 805 (1996).

The plaintiff does not dispute that Fitzpatrick and Moser were acting on behalf of LEISA in procuring the subject policy. The plaintiff argues, however, that Fitzpatrick and Moser are individually liable for torts that they committed against the plaintiff. Although the plaintiff is correct that agents may be held liable for torts committed by them when acting on behalf of their principals, the plaintiff has not alleged any tort claims against Fitzpatrick and Moser. Its sole claim against Fitzpatrick and Moser was for breach of contract. Because neither agent was a party to that contract, they cannot be held liable for its alleged breach. We thus conclude that the trial court properly rendered summary judgment in favor of Fitzpatrick and Moser.

The judgment of dismissal as to LFG and the summary judgments in favor of Fitzpatrick and Moser are affirmed. The summary judgment in favor of LEISA is reversed and the case is remanded for further proceedings on the plaintiff's breach of contract claim against it.

In this opinion the other judges concurred.

[1] Lawyers Title Corporation and Lawyers Title Insurance Corporation also were named defendants in this action. The plaintiff has made no argument that summary judgment rendered in favor of those entities was improper.

Lawyers Title Environmental Insurance Service Agency, Inc. (LTEISA), also was a named defendant in this action, but is not a party to this appeal. The disposition of the plaintiff's claims against LTEISA is discussed fully herein.

[2] Because we agree with the claim addressed in part II of this opinion and reverse the court's judgment on the basis of that claim, we need not address the plaintiff's additional arguments as to why the summary judgment rendered in favor of LEISA was improper.

[3] The defendants have not claimed on appeal that the summary judgment

rendered in favor of LEISA should be upheld because the plaintiff did not file a motion to open that judgment.

[4] It would be reasonable to argue that Fitzpatrick and Moser had not disclosed their true principal, LEISA, until after summary judgment had been rendered in favor of LEISA and, thus, that Fitzpatrick and Moser cannot hide behind that misidentified principal to escape individual liability for their conduct. The plaintiff, however, has not challenged summary judgment in their favor on the ground that they disclosed the wrong principal. Moreover, even if that argument had been advanced by the plaintiff, and we reversed the judgment on that basis, the fact remains that they could not be held liable for acts done on behalf of their now disclosed principal, LEISA, which is indisputably the proper party to respond to the plaintiff's claim for breach of contract.

---