******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# U.S. BANK, NATIONAL ASSOCIATION, TRUSTEE *v.* MARGIT MADISON ET AL.
## (AC 42228)

Keller, Elgo and Bright, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant M following her default on a promissory note secured by the mortgage, which was executed by M on behalf of the defendant D in favor of M Co., as nominee for A Co. Thereafter, M Co. assigned the mortgage to the plaintiff, who then commenced this foreclosure action against the defendants. The plaintiff subsequently filed a motion for summary judgment as to liability, which the trial court granted. Thereafter, the trial court granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, in which it determined the amount of the outstanding debt and the fair market value of the property and set the law days. M then filed notice of her pending chapter 7 bankruptcy petition pursuant to the rule of practice (§ 14-1) pertaining to bankruptcy stays. In the schedule of creditors filed by M in the bankruptcy proceeding, she listed the plaintiff as having a claim secured by the subject property but did not identify the claim as contingent, unliquidated or disputed. She also represented that none of the plaintiff's claim was unsecured. The bankruptcy trustee of M's estate thereafter determined that there was no property available for distribution from the estate and that the estate was fully administered and requested that he be discharged as trustee. The Bankruptcy Court granted the discharge and closed the bankruptcy case. After the law days had passed during the pendency of M's bankruptcy proceedings, the plaintiff filed a motion to reenter the judgment after termination of the bankruptcy stay to, inter alia, make new findings as to the debt and fair market value of the property, reenter the judgment of strict foreclosure and set new law days. M filed an objection to the motion, arguing that she was not authorized to execute the subject note and mortgage to M Co. on behalf of D because D did not validly execute the power of attorney that ostensibly appointed her as his attorney-in-fact, and, therefore, the improperly executed power of attorney rendered the note and mortgage nugatory. The trial court overruled M's objection, concluding that she lacked standing to raise that defense. After granting the plaintiff's motion to reenter the judgment, the trial court rendered a judgment of strict foreclosure, and M appealed to this court. *Held* that M could not prevail on her claim that the trial court erred by concluding that she lacked standing to object to the plaintiff's motion to reenter the judgment of strict foreclosure: M lacked standing to pursue her defense to the plaintiff's interest in the property that the mortgage on the property may be invalid due to the alleged improper power of attorney, as her failure to notify the bankruptcy trustee of that defense by not disclosing it as an asset of the bankruptcy estate on the relevant bankruptcy form, precluded her from raising the defense after the discharge of the bankruptcy estate; moreover, M's contentions that *Beck & Beck*, *LLC* v. *Costello* (178 Conn. App. 112), which this court applied in reaching its decision, is inapplicable and that the plaintiff's reliance on it conflates a debtor's claim for money damages as an asset of the bankruptcy estate with a debtor's defense to enforcement of an invalid lien were unavailing, as her arguments circumscribed far too narrowly her disclosure obligations to the bankruptcy trustee because the relevant bankruptcy form required M to state whether the plaintiff's claim was contingent or disputed, and, therefore, necessarily, she was required to disclose her purported defense, and her failure to do so deprived her of standing to assert the defense in the trial court; furthermore, M's claim that either the bankruptcy trustee or any creditor could move to reopen the bankruptcy estate if the trial court were to find that the mortgage is invalid ignored the threshold issue that M lacked the legal capacity to raise the defense, and, therefore, the trial court lacked the jurisdiction to hear it, as M's failure to list the defense as an asset of the bankruptcy estate caused

the defense to remain the property of the estate and to vest with the trustee, thereby precluding her from pursuing it for her own benefit.

Argued October 11, 2019—officially released March 3, 2020

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the defendant Eric Demander, Jr., was defaulted for failure to appear; thereafter, the court, *Spader, J.*, granted the plaintiff's motion for summary judgment as to liability; subsequently, the court granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon; thereafter, following the termination of the named defendant's bankruptcy stay, the court, *Hon. Anthony V. Avallone*, judge trial referee, granted the plaintiff's motion to reenter the judgment and rendered a judgment of strict foreclosure, from which the named defendant appealed to this court. *Affirmed.*

*Earle Giovanniello*, for the appellant (named defendant).

*Matthew B. Johnson*, for the appellee (plaintiff).

*Opinion*

BRIGHT, J. The defendant Margit Madison[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, U.S. Bank, National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, following the termination of the defendant's bankruptcy stay. On appeal, the defendant claims that the court erred by concluding that she lacked standing to object to the plaintiff's motion to reenter the judgment of strict foreclosure. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On April 18, 2017, the plaintiff commenced a foreclosure action by service of process on the defendant and Eric Demander, Jr.[2] The plaintiff alleged in its complaint that, on October 11, 2006, Eric S. Demander, who is now deceased, executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for American Brokers Conduit, which secured a debt evidenced by a $268,000 promissory note executed on the same date and made payable to American Brokers Conduit.[3] To secure the note, Eric S. Demander mortgaged to MERS the premises known as 124 Seymour Road in Woodbridge (property). On September 26, 2016, MERS assigned the mortgage to the plaintiff, which, at all times since then, was the party entitled to collect the debt and to enforce the mortgage.[4] The plaintiff further alleged that the defendant was the owner of record of the property by virtue of a certificate of devise dated February 22, 2010, and recorded in the Woodbridge land records on March 5, 2010. The plaintiff alleged that the note and mortgage were in default due to nonpayment of monthly installments of principal and interest due on March 1, 2016, and every month thereafter. The plaintiff thus declared the entire balance of the note due and payable and sought the remedy of foreclosure of the mortgage.

After the defendant filed an answer denying the essential allegations of the plaintiff's complaint, the plaintiff moved for summary judgment as to liability against the defendant. On January 16, 2018, the court granted the plaintiff's motion. The plaintiff then moved for a judgment of strict foreclosure, which the court granted on February 26, 2018. The defendant did not file an opposition to either motion. The court determined that the debt owed to the plaintiff was $333,155.40 and that the fair market value of the property was $326,000, and it set the law days to begin on June 4, 2018. On May 24, 2018, the defendant, pursuant to Practice Book § 14-1, filed notice of her pending chapter 7 bankruptcy petition.

In the schedule of creditors the defendant filed in

the bankruptcy proceeding before the United States Bankruptcy Court for the District of Connecticut, the defendant listed the plaintiff as having a claim of $334,138.20, secured by the property, which she valued at $326,000. She did not identify the plaintiff's claim as contingent, unliquidated, or disputed. She also represented that none of the plaintiff's claim was unsecured. On July 11, 2018, the bankruptcy trustee of the defendant's estate, George I. Roumeliotis, reported: "I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to [Rule 5009 of the Federal Rules of Bankruptcy Procedure], I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee." The Bankruptcy Court granted the discharge on August 29, 2018, and closed the case on September 5, 2018.

After the law days originally set by the court passed during the pendency of the defendant's bankruptcy proceedings, the plaintiff filed a motion to reenter the judgment after termination of the bankruptcy stay on September 20, 2018. In its motion, the plaintiff requested that the court (1) make new findings as to the debt and fair market value of the property, (2) reenter the judgment of strict foreclosure, (3) set new law days, and (4) award the plaintiff additional attorney's fees and applicable filing fees. The defendant filed an objection to the plaintiff's motion on October 4, 2018, arguing that she was not authorized to execute the subject note and mortgage to MERS because Eric S. Demander did not validly execute the power of attorney that ostensibly appointed her as his attorney-in-fact. Accordingly, the defendant maintained that the improperly executed power of attorney rendered the note and mortgage nugatory. The court overruled the defendant's objection, concluding that the defendant lacked standing to raise that defense. After granting the plaintiff's motion, the court, on October 9, 2018, rendered a judgment of strict foreclosure.[5] This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the relevant standard of review. "The issue of standing implicates the trial court's subject matter jurisdiction and therefore presents a threshold issue for our determination. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party

to request an adjudication of the issue . . . . Because a determination regarding the trial court's subject matter jurisdiction raises a question of law, [the standard of] review is plenary." (Citation omitted; internal quotation marks omitted.) *Jenzack Partners, LLC* v. *Stoneridge Associates, LLC*, 183 Conn. App. 128, 134–35, 192 A.3d 455 (2018), rev'd in part on other grounds, 334 Conn. 374,     A.3d     (2020).

The plaintiff maintains that the defendant lacks standing to pursue her defense to the plaintiff's interest in the property because she failed to identify the defense as an asset of the bankruptcy estate. In other words, the plaintiff contends that the defendant's failure to notify the bankruptcy trustee that the mortgage on the property may be invalid due to the alleged improper power of attorney precludes her from raising that defense after the discharge of the bankruptcy estate. Conversely, the defendant argues that she has standing to object to the plaintiff's motion because her defense to the foreclosure of the mortgage was not an asset of the bankruptcy estate. We agree with the plaintiff.

"As noted by our Supreme Court, the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets. The courts will not permit a debtor to obtain relief from the [B]ankruptcy [C]ourt by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." (Internal quotation marks omitted.) *Manning* v. *Feltman*, 149 Conn. App. 224, 235, 91 A.3d 466 (2014).

"The act of filing a bankruptcy petition transfers a debtor's assets to the bankruptcy estate, and these assets remain assets of the bankruptcy estate unless returned to the debtor by the operation of law. . . . [I]t is a basic tenet of bankruptcy law . . . that all assets of the debtor, *including all [prepetition] causes of action belonging to the debtor*, are assets of the bankruptcy estate that must be scheduled for the benefit of creditors . . . . [A]n asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554 (c).[6] . . .

"[W]here a debtor fails to list a claim as an asset on a bankruptcy petition, the debtor is without legal capacity to pursue the claim on his or her own behalf [postdischarge]. . . . This is so regardless of whether the failure to schedule causes of action is innocent." (Citations omitted; emphasis added; footnote added; internal quotation marks omitted.) *Beck & Beck, LLC* v. *Costello*, 178 Conn. App. 112, 117–18, 174 A.3d 227, cert. denied, 327 Conn. 1000, 176 A.3d 555 (2017).

In *Beck & Beck, LLC*, the defendant filed a chapter 7 bankruptcy petition after the trial court rendered a judgment in favor of the plaintiff in the amount of $750 for unpaid legal fees. Id., 115. In his voluntary bank-

ruptcy petition, the defendant included the $750 judgment owed to the plaintiff as an unsecured nonpriority claim. Id. However, on his schedule B—personal property form, the defendant did not list any contingent claims or counterclaims as assets of the estate.[7] Id. He failed to do so despite the fact that he had asserted, and still was litigating, counterclaims against the plaintiff and cross claims against the plaintiff's principal.[8] Id. After the defendant's filing, the bankruptcy trustee determined that there was no property available for distribution from the estate and requested a discharge. Id. The bankruptcy court granted the defendant's discharge and closed the case. Id.

When the defendant then pursued his counterclaims and cross claims pursuant to this court's remand order; see footnote 8 of this opinion; the trial court dismissed the claims, concluding that the defendant lacked standing to raise them. *Beck & Beck, LLC* v. *Costello*, supra, 178 Conn. App. 112. The defendant appealed and this court was faced with the question of whether the trial court properly had granted the plaintiff's motion to dismiss the defendant's amended counterclaims and cross claims on the ground that the defendant, by failing to list those claims in his schedule B—personal property form, lost legal capacity to pursue them postdischarge. Id., 116. This court concluded: "The case law makes it clear that upon the filing of a bankruptcy petition, all prepetition causes of action become the property of the bankruptcy estate . . . and that in order to revest in the debtor through abandonment, the assets must be properly scheduled. . . . A review of the defendant's schedule B—personal property form shows that when asked to list '[o]ther contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor,' the defendant checked '[n]one.' Although the defendant noted the underlying action and the $750 judgment that the plaintiff had against him, the bankruptcy trustee was not made aware of the counterclaims and cross claims that the defendant had pending against the plaintiff. Therefore—even if omission of the counterclaims and cross claims was innocent—the trustee did not abandon the counterclaims and cross claims when she issued the report of no distribution and closed the defendant's bankruptcy case in 2014." (Citations omitted.) Id., 118–19.

Applying these principles and the relevant precedent to the present case, we conclude that the court did not err in finding that the defendant lacked standing to object to the plaintiff's motion to reenter the judgment by challenging the enforceability of the documents on which the plaintiff's claim was based. The defendant failed to disclose her defense to the plaintiff's property interest in her schedule D filing.[9] The defendant's failure to indicate that she disputed the plaintiff's interest in the property constituted a representation to the bankruptcy trustee that the defendant had no equity in the property

and that she did not dispute the plaintiff's claim. That omission is significant because, had the bankruptcy trustee known about a defense that potentially could invalidate the mortgage on the property, he might not have requested a discharge of the bankruptcy estate. This precisely is why, as our Supreme Court has stated, "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." (Internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 170, 2 A.3d 873 (2010).

The defendant contends that *Beck & Beck, LLC*, is inapplicable and that the plaintiff's reliance on it conflates a debtor's claim for money damages as an asset of the bankruptcy estate with a debtor's defense to enforcement of an invalid lien. We are not persuaded.

The defendant's argument circumscribes far too narrowly her disclosure obligations to the bankruptcy trustee. "The Bankruptcy Code provides that [d]ebtors' foremost responsibility is to cooperate with the [c]ourt and the [t]rustee and to facilitate the accurate and proper performance of their duties. See 11 U.S.C. § 521. [Because] bankruptcy schedules and statements are carefully designed to elicit certain information necessary for the proper administration of cases, [d]ebtors' have a duty to complete these documents thoughtfully and thoroughly. See *In re Phillips*, C/A No. 02-10461-W, slip. op. [4] (Bankr. D.S.C. Feb[ruary] 21, 2003). Furthermore, *accuracy, honesty, and full disclosure are critical to the functioning of bankruptcy and are inherent in the bargain for a debtor's discharge.* See [id., 3] (citing *Kesetell* v. *Kesetell*, 99 F.3d 146, 149 (4th Cir. 1996)). Therefore, debtors are responsible for disclosing *an accurate and complete schedule of assets with proper values and a truthful statement of affairs in order to convey a complete and accurate portrayal of their financial situation.* See [id., 3] ('Debtors bear the burden of proving that their [p]lan meets the confirmation requirements of [the applicable statute], and part of this burden includes proving that the values used in their [p]lan are adequate.'); *Siegel* v. *Weldon* (*In re Weldon*), 184 B.R. 710, 715 (Bankr. D.S.C. 1995) ('The critical time for disclosure is at the time of the filing of a petition and the [d]ebtor has the responsibility to do so. Bankruptcy law requires debtors to be honest and to take seriously the obligation to disclose all matters.'). Furthermore, there is no allowance for selectivity in asset disclosure. Id. ('To allow the [d]ebtor to use his discretion in determining the relevant information to disclose would create an [end run] around this strictly crafted system.'). As a result of debtors' *duty to accurately and completely disclose assets and the corresponding values*, if complete and full disclosure is not made in the schedules and statements, debtors run the risk of having their entire case dismissed or converted to [c]hapter 7 or not receiving a [c]hapter 7 discharge. *In re Phillips*, [supra] C/A No. 02-10461-W, slip op. [4]."

(Emphasis added.) *In re Simpson*, 306 B.R. 793, 797–98 (Bankr. D.S.C. 2003). In addition, the schedule provided by the Bankruptcy Court and completed by the defendant required her to state whether the plaintiff's claim was contingent or disputed. This necessarily means that the defendant was required to disclose a defense that would call the plaintiff's claim into question.

The defendant's failure to disclose to her bankruptcy trustee her defense to the plaintiff's foreclosure action resulted in her misstating the value of a material asset of her bankruptcy estate: the property at issue. The nature of the defense she seeks to assert in this case, if successful, would invalidate the mortgage on the property, thereby dramatically increasing the value of the asset. Furthermore, it is beyond question that she is disputing the plaintiff's claim. She, therefore, was required to disclose her purported defense, and her failure to do so deprives her of standing to assert the defense in the trial court. To hold otherwise, as argued by the defendant, would encourage selective disclosure by debtors and create an end run around the carefully crafted bankruptcy system, whereby a defendant could recoup an asset, the value of which inaccurately was disclosed to the trustee. As set forth previously in this opinion, the disclosure requirements of the bankruptcy code, which include stating whether the plaintiff's claim was contingent or disputed, were designed to prevent such a windfall.

Moreover, the defendant's argument that either the bankruptcy trustee or any creditor could move to reopen the bankruptcy estate if the trial court finds that the mortgage is invalid ignores the threshold issue that the defendant lacks the legal capacity to raise the defense, and, therefore, that the trial court lacks the jurisdiction to hear it. It is well established by our state, federal, and bankruptcy courts that a debtor's failure to list a legal claim as an asset of the bankruptcy estate causes the claim to remain the property of the estate and vest with the trustee, thereby precluding the debtor from pursuing it for her own benefit. See, e.g., *Tilley* v. *Anixter, Inc.*, 332 B.R. 501, 507 (D. Conn. 2005) ("[a] debtor or former debtor does not have standing to pursue claims that constitute property of a bankruptcy estate"); *In re Lozier*, Docket No. 17-201107 (JJT), 2018 WL 2176280, *4 (Bankr. D. Conn. May 10, 2018) ("[c]ourts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to pursue the claim after emerging from bankruptcy, and the claims must be dismissed"); *Manning* v. *Feltman*, supra, 149 Conn. App. 234 ("[i]f the plaintiff lacks standing, the court must dismiss the action; it has no jurisdiction to take any further action, such as ordering a stay of the foreclosure proceeding to seek the advice of the federal bankruptcy court"). We see no reason why this long-standing principle also would not apply to the failure to disclose to the bank-

ruptcy trustee a legal defense that disputes a claim and materially affects the value of the asset disclosed. Because the bankruptcy trustee was discharged from further duties and the defendant's bankruptcy estate was closed, neither the trustee nor the Bankruptcy Court is supervising the defendant or the assets of her estate. Consequently, the trustee, the Bankruptcy Court, and the defendant's creditors would have no notice if the defendant prevailed on the assertion of her defense in the trial court. Thus, permitting her to assert the defense would have the same effect as permitting a discharged debtor to assert an undisclosed claim. Both could receive the windfall of an asset that was undisclosed or not properly disclosed as part of the bankruptcy estate. Put another way, the result of a debtor's failure to meet her disclosure obligations to the Bankruptcy Court should be the same, whether the right asserted is labeled a claim or a defense.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Eric Demander, Jr., was a nonappearing defendant in the trial court. He also is not a party to this appeal. Accordingly, we refer to Madison as the defendant in this opinion.

[2] The plaintiff alleged in its complaint that Eric Demander, Jr., may claim an interest in the subject property by virtue of a mortgage in the amount of $82,500 dated July 17, 2009. On July 17, 2017, Eric Demander, Jr., was defaulted in the underlying foreclosure proceeding for failure to appear.

[3] The note and mortgage were signed by the defendant as Eric S. Demander's attorney-in-fact pursuant to a power of attorney executed on September 25, 2006.

[4] The plaintiff alleged in its complaint that the unpaid balance due pursuant to the terms of the note was $300,517.27, plus interest from February 1, 2016, and late charges and collection costs.

[5] In its notice of judgment of strict foreclosure, the court found that the updated debt was $338,411.46 and the updated fair market value was $302,000. The court also set the new law days to begin running on December 10, 2018.

[6] Title 11 of the 2012 edition of the United States Code, § 554 (c), provides: "Unless the court orders otherwise, any property scheduled under section 521 (a) (1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

Title 11 of the 2012 edition of the United States Code, § 521 (a), provides in relevant part: "The debtor shall— (1) file— (A) a list of creditors; and (B) unless the court orders otherwise— a schedule of assets and liabilities . . . ."

[7] The schedule B—personal property form requires that the debtor provide a description of "[o]ther contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor . . . ." (Internal quotation marks omitted.) *Beck & Beck*, *LLC* v. *Costello*, supra, 178 Conn. App. 112.

[8] In response to the plaintiff's complaint, the defendant in *Beck & Beck*, *LLC*, filed a four count counterclaim alleging breach of contract, breach of the implied covenant of good faith and fair dealing, professional malpractice, and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. *Beck & Beck*, *LLC* v. *Costello*, supra, 178 Conn. App. 114. The plaintiff moved to strike all four counts, arguing that the defendant's claims were legally insufficient because he could not establish proximate cause or damages. Id. The court granted the plaintiff's motion to strike, prompting a motion from the defendant to cite in the plaintiff's principal, Attorney Kenneth A. Beck, individually, as a counterclaim defendant. Id. The court granted the defendant's motion, and the defendant filed an amended answer and special defense, as well as a counterclaim against the plaintiff and a parallel cross claim against Beck, both of which alleged

virtually identical claims to the defendant's stricken counterclaim. Id. The plaintiff again moved to strike, and the court granted its motion, concluding that the defendant failed to submit a justiciable claim, thereby depriving the court of subject matter jurisdiction. Id., 115. Thereafter, the defendant appealed from the court's judgment granting the plaintiff's motion to strike. Id. The plaintiff's judgment, which triggered the defendant's bankruptcy filing, was rendered while the defendant's appeal was still pending. Id. In that appeal, this court concluded that the trial court improperly granted the motion to strike, reversed the judgment of the court, and remanded the case for further proceedings. See *Beck & Beck, LLC* v. *Costello*, 159 Conn. App. 203, 208–209, 122 A.3d 269 (2015).

[9] The schedule D form, otherwise known as form 106D, is an itemized list of creditors who have claims secured by property against the debtor. The form requires that the debtor list the names of its creditors, the debtor or debtors that owe the debt, the amount of the claim, the address of the secured property, the value of the property as collateral, and whether the claim is "[c]ontingent," "[u]nliquidated," or "[d]isputed" at the date of filing.

———————————————